E. J. RICHARDSON v. THE CITY OF CENTERVILLE, Appellant.

**Condemnation:** SEWERS: MEASURE OF RECOVERY: EVIDENCE. While
1 it is the rule that damages for the improper construction of a public improvement cannot be recovered in a condemnation proceeding, still it is competent to show that a sewer properly constructed will depreciate the value of the tract remaining in proximity with its outlet, by polluting the atmosphere in that locality; and this fact may be considered by the jury in estimating the damage to the land owner.

**Same:** The measure of damage to a land owner for the construc-
2 tion of a sewer upon his premises is the difference in the value of the tract immediately before and immediately after the appropriation; so that what the owner may have previously

received for a railroad right of way over the same tract is wholly immaterial.

**Misconduct of council in examination of witnesses.** An attempt to get before a jury evidence which has been held incompetent by the trial court will not ordinarily work a reversal, where the court directed the jury not to consider it.

**Attorney's fees:** HOW DETERMINED. The court may determine the value of an attorney's services in a condemnation proceeding without the intervention of a jury.

**Appeal:** ARGUMENT: REVIEW. The court will not consider a question raised on appeal in a reply argument to which no reference was made in the original brief and argument.

**Judgment on award:** REVERSIBLE ERROR. While it is improper to enter judgment on the award of a jury in condemnation proceedings, still such an error will not work a reversal of the case, but the judgment will be set aside and a proper disposition of the proceeding will be made by the appellate court.

*Appeal from Appanoose District Court.*— HON. FRANK W. EICHELBERGER, Judge.

FRIDAY, FEBRUARY 14, 1908.

THE city of Centerville appeals from an award of damages for the appropriation of land for sewer outlet.— *Modified* and *affirmed*.

*Wilson & Smith,* for appellant.

*C. A. Baker* and *C. R. Porter,* for appellee.

SHERWIN, J.— In the fall of 1905 the city of Centerville condemned for a sewer outlet six acres of appellee's land. The sheriff's jury awarded the plaintiff $700, and an appeal was taken from said award to the district court, where the case was tried to a jury and the plaintiff was awarded $950 together with $150 attorney's fees. A judgment was entered for the plaintiff on the finding, and the city appeals.

The six acres taken for the outlet to this sewer was a part of a thirty-two-acre tract owned by the plaintiff. The sewage is discharged into what is known as the "Manson Branch," a natural water course, which the record shows is dry at the point of outlet during a considerable portion of each season.

1. CONDEMNATION: sewers: measure of recovery: evidence.

The court permitted this condition to be shown. It also permitted the plaintiff to show the number of users of the sewer at the time of the trial and the probable increase in the use thereof in the future. Evidence was also admitted showing the character of the sewer connections. The appellant contends that all of this testimony was improperly admitted, for the reason that the law presumes the proper construction of the sewer, and no damages can be predicated on its improper construction in proceedings of this kind. It is undoubtedly the well-established rule in this State that damages for the improper construction of public works cannot be recovered in condemnation proceedings; but in cases of this kind, as well as in those involving the condemnation of private property for railroads, etc., we have repeatedly held that the landowner may recover compensation for depreciation in the value of the remainder of his tract due to the proximity of the improvement for which the land was taken. This has long been the rule in relation to railroads operated in the usual and proper manner. *Kucheman v. Railway Co.,* 46 Iowa, 360; *Small v. Railway Co.,* 50 Iowa, 338; *Haggard v. Independent School District,* 113 Iowa, 486. The rule was also approved in *Bennett v. City of Marion,* 106 Iowa, 628. It is competent to show that sewers properly constructed may affect the atmosphere, particularly at their outlets, or otherwise interfere with the use and enjoyment of the premises, and these facts may be considered by the jury in determining the damages sustained by the landowner. There was no evidence admitted along this line which went beyond this rule, and hence there was no error in admitting the same.

The appellant offered to show that the plaintiff had theretofore been paid for a right of way of a railroad company over the same tract of land, but the evidence was not received. There was no error in the ruling.

2. SAME.

It could make no possible difference with his right to recover of the city the damages sustained by the location of the sewer. His measure of damages was the difference between the value of his land immediately before and immediately after the condemnation proceedings.

Complaint is made of the action of plaintiff's counsel in attempting to get before the jury testimony that had been held incompetent by the trial court. While the practice is not to be commended, by any means, there should be no reversal in this case on account thereof, because the court directed the jury not to consider any testimony of this kind, and we must presume that the jury followed the instruction of the court, and that the action of the attorney was therefore without prejudice.

3. MISCONDUCT OF COUNSEL IN EXAMINATION OF WITNESSES.

The court allowed an attorney's fee of $150 after hearing evidence as to the value of the attorney's services in the trial of the condemnation proceeding. The appellant insists that the court had no right to determine the value of such services without the intervention of a jury. This question is not discussed by the appellee in his argument, and we do not know whether he concedes the proposition or not; but, in the absence of an express concession, we may say that we have uniformly held in this State that the condemnation of land by virtue of the power of eminent domain is a special proceeding, and that the Legislature of the State has almost unlimited power in fixing the terms and conditions upon which such condemnation may be made. We have also held that an attorney's fee is taxable as a part of the cost of such proceedings, and it must follow, we think, that such fees as well as other costs may be determined by the court. On the right of the court

4. ATTORNEYS' FEES: how determined.

to fix this fee, see *Haggard v. District, supra,* and *Mellichar v. City of Iowa City,* 116 Iowa, 390.

In its reply argument the appellant complains of a ruling on the introduction of testimony to which no reference was made in its original brief and argument. Under our rules this is not permissible, and we cannot consider the point discussed.

5. APPEAL: argument: review.

The trial court entered a judgment on the award, and this is complained of. It was improper to enter a judgment under the rule of our cases. See *Haggard v. District, supra,* and *Hartley v. Railway Co.,* 85 Iowa, 455. But this error does not require a reversal of the case. The judgment will be set aside, and the case will stand affirmed as to the award made by the jury and as to the attorney's fee awarded by the court. With this modification, the case is *affirmed.*

6. JUDGMENT ON AWARD: reversible error.