FLOYD & NEWLAND, Appellee, v. SERENADO MANUFACTURING
COMPANY et al., Appellants.

**APPEAL AND ERROR:** Briefs—Unallowable and Belated Amendment.
1   An amendment to appellant's original brief and argument, setting
up *additional* grounds for reversal, will be stricken on motion, espe-
cially when filed only five days prior to the hearing on appeal.

**APPEAL AND ERROR:** Waiver—Acquiescing in Decision.  Failure at
2   the close of all the testimony to renew an overruled motion made at
the close of plaintiff's testimony works a waiver of error, if any,
in such ruling.

**CONTRACTS:** Construction—Recovery Notwithstanding Breach.  A
3   party may recover on a contract, even though he is in default as
to subsidiary and independent provisions of the contract.

*Appeal from Linn District Court.*—F. L. ANDERSON, Judge.

MAY 15, 1923.

ACTION to recover $275, alleged to have been deposited by
plaintiff with defendants under a certain contract which pro-
vided for the return of said sum of money under certain con-
ditions. The court directed a verdict for the plaintiff, and de-
fendants appeal. The facts appear in the opinion.—*Affirmed.*

*Carl F. Jordan,* for appellants.

*Charles J. Haas,* for appellee.

FAVILLE, J.—The appellee is a partnership engaged in busi-
ness at Center Point, and the appellants are a partnership en-
gaged in business at Cedar Rapids.  On or about the 21st day
of February, 1920, the parties entered into a written contract.
Said contract contains 17 paragraphs.  It provided that the
appellants were to ship to the appellee, at the earliest possible
date, "one Model 49 Serenado talking machine," and also six
double discs; 500 specially printed folders; 10 large wall hang-
ers; 25 outdoor posters, weather resisting, and three booklets,

entitled, ''Selling Methods and Directions.''  The contract pro-
vided that, when the appellee had ordered and paid for twelve
other similar machines, a machine was to be shipped the ap-
pellee, free of charge, and another when the appellee had sold
an additional twelve machines.  Paragraph 6 of the contract
is as follows:

· ''In consideration of our (my) fair and reasonable effort
in promoting the sale of The Serenado, in accordance with your
'Methods and Directions,' and the performance by us (me) of
our (my) part of the agreement as specified herein, you agree
that if we (I) have not disposed of at least twenty-six (26)
Serenado Model 49 Talking Machines, or other models of equal
value, within fifteen months of the date of this agreement, you
will at our (my) request refund the face value of this agree-
ment, two hundred seventy-five dollars ($275.00) with interest
at 6 per cent per annum from the time of your approval of this
agreement, provided that we (I) return the sample Model 49,
by express prepaid, properly boxed and in reasonably good
condition.''

The contract provided for the execution of five notes, to
represent said sum of $275, and the undisputed evidence shows
that the appellee executed said notes and paid the same as they
became due.  The suit is to recover the said sum of $275, predi-
cated on the provisions of said contract and the allegation that
the appellee sold but three of said talking machines within the
period of fifteen months from the date of said contract, and that
the sample talking machine had been returned to the appellants
in good condition.  The appellee further alleges that it duly
performed all of the provisions of the contract on its part.

The answer was, in effect, a general denial.  During the
trial, the appellants sought to amend their answer, and the court
denied leave to file such amendment.

I.  At the outset, we are confronted with a motion to strike
appellants' amendment to their brief and argument.  It appears
from the record that the appellants' original brief was served
on October 10, 1922.  The appellee's brief was
served February 20, 1923.  The case was as-
signed for hearing on March 15, 1923.  On
March 10, 1923, the appellants served a docu-

1. APPEAL AND
   ERROR: briefs:
   unallowable and
   belated amend-
   ment.

ment which is denominated "Appellants' Amendment to Abstract, Appellants' Amendment to Brief and Argument, Appellants' Reply Brief and Argument, Denial of Appellee's Amendment to Abstract, and Motion to Certify Record." The portion of this omnibus document which is designated "Amendment to Appellants' Brief and Argument" specifies five additional errors relied on for reversal, not included in the original argument, and also propositions and points in support thereof not included in any way in appellants' original brief and argument.

Appellee's motion to strike this amendment to appellants' brief and argument must be sustained. Rule 44 requires that appellants' argument must be served at least forty days before the day assigned for hearing. This amendment was served but five days before the day the case was assigned for hearing, and eighteen days after appellee's brief had been served. Rule 53 requires that the original brief of the appellants shall set out "the errors relied upon for a reversal," and expressly provides that "no alleged error or point not contained in this statement of points shall be raised afterwards, either by reply brief or in oral or printed argument, or on petition for rehearing."

We have frequently held that, under such a situation, the case must be disposed of in this court on the grounds selected and argued by appellant in his original presentation of the case. *State v. Thomas*, 193 Iowa 1004; *Dodge v. Grain Shippers' Mut. Fire Ins. Assn.*, 176 Iowa 316; *Richardson v. City of Centerville*, 137 Iowa 253. This amendment comes too late.

The appellee's motion to strike said amendment to brief and argument was ordered submitted with the case, and it must be and is sustained.

II. At the close of appellee's testimony, the appellants moved for a directed verdict, on various grounds. The motion was overruled. Thereupon, appellants proceeded with their testimony, and did not at any time thereafter renew the motion for a directed verdict. The claim of error in the ruling upon said motion, or any ground thereof, was waived by the appellants, and cannot now be urged. *Wiar v. Wabash R. Co.*, 162 Iowa 702; *Omaha Beverage Co. v. Temp Brew Co.*, 185 Iowa 1189.

2. APPEAL AND
ERROR: waiver:
acquiescing in
decision.

III. Appellants' main contention is in regard to the refusal of the court to permit the filing of an amendment to appellants' answer, and in sustaining objections to evidence offered by the appellants on the subject-matter set forth in said answer.

The proposed amendment alleged that the appellee had failed to use fair and reasonable efforts in promoting the sale of the talking machine, in accordance with the book of directions, and had failed to advertise, solicit, and

3. CONTRACTS:
construction:
recovery not-
withstanding
breach.

send in lists of names, and to select fifteen names of the best prospects, and had not sent in fifty names of prospective purchasers within fifteen days after the approval of the agreement. Appellee's objections to the filing of the amendment were as follows:

"The matters pleaded in the amendment tendered are not matters virtually material and going to the right of the case; but concern subsidiary promises which cannot affect the liability of the defendants to return the deposit sued for, in that the contract was executed and was at least partially performed, and the defendants have received part of the consideration for the said contract, and the breach of any of the subsidiary promises set out in the amendment to the answer would not constitute a defense to the plaintiff's suit, and would not entitle the defendant to treat the contract as discharged, and would not operate as a discharge, so as to prevent the performance or so as to avoid liability of the defendants to perform on their part, in the particulars complained of in the petition."

In ruling upon said matter, the court held:

"The court holds that it has discretionary power in the allowance of the amendment at this time, and is of the opinion that the matters pleaded in the amendment to answer are not defensive matter; and the court makes the ruling sustaining the objections on the ground that the matter set out in the amendment to answer is not defensive to the plaintiff's petition, and not upon the ground that defendant was not entitled to make an amendment at this time."

If the amendment pleaded a good defense to appellee's cause of action, under the ruling of the court it should have been allowed. Whether or not it tendered a defense depends

upon a construction of the terms and provisions of the contract between the parties. It is apparent from an examination of the contract that each of the parties thereto undertook to do certain things. If these terms and conditions of the contract are concurrent and dependent, one party thereto cannot maintain an action against the other for breach of the contract without showing a performance or a tender of performance of the contract on his part.

If, however, the covenants or stipulations in the contract are independent of each other, an actual performance of the contract on the part of one party is not required before an action can be maintained for damages for the breach of performance of the contract by the other party. In case of independent contracts, both sides have a remedy in damages.

"Where there are several terms in a contract, a breach committed by one of the parties may be a breach of a term which the parties have not, on a reasonable construction of the contract, regarded as vital to its existence. Such a term is said to be subsidiary, and a breach thereof does not discharge the other party. He is bound to continue his performance of the contract, but may bring an action to recover such damages as he has sustained by the default." 13 Corpus Juris 659, Section 738.

The rule is generally recognized that the question of whether stipulations and conditions of a contract are independent or dependent rests upon the intention of the parties, to be determined from a consideration of the entire contract. The Supreme Court of the United States, in *Loud v. Pomona Land & Water Co.*, 153 U. S. 564, 576, said:.

"The question whether covenants are dependent or independent must be determined in each case upon the proper construction to be placed on the language employed by the parties to express their agreement. If the language is clear and unambiguous it must be taken according to its plain meaning as expressive of the intention of the parties, and under settled principles of judicial decision should not be controlled by the supposed inconvenience or hardship that may follow such construction. If parties think proper, they may agree that the right of one to maintain an action against another shall be con-

ditional or dependent upon the plaintiff's performance of covenants entered into on his part.  On the other hand, they may agree that the performance by one shall be a condition precedent to the performance by the other.  The question in each case is, Which intent is disclosed by the language employed in the contract?''

Bearing these general rules in mind, let us turn to the contract under consideration. The first paragraph recites that the appellee desires to secure the sale of the Serenado talking machine under the benefit of the appellants' plan.  Then follow the provisions about the shipping of the model machine and an additional machine after twelve had been sold.  After this are the agreements in Paragraph 6 of the contract, wherein it is recited that, in consideration of appellee's fair and reasonable efforts in promoting the sale of the Serenado, in accordance with appellants' ''methods and directions,'' and the performance by appellee of its part of the agreement, as specified, in the event of a failure to dispose of at least 26 talking machines within 15 months, the $275 would be returned to appellee, provided it returned the model machine delivered to it, in reasonably good condition, express prepaid.  Now, what did the agreement require the appellee to do?  Paragraphs 12 and 13 of the contract are as follows:

''12.  You agree through your follow-up system and at your expense to mail from your office appropriate printed matter, letters, etc., to fifty (50) prospective purchasers, the name of whom we (I) agree to send within fifteen (15) days after your approval of this agreement.

''13.  Realizing that advertising, followed by personal effort on the part of the seller, is the basis of a successful selling campaign, we (I) agree to use reasonable care in the selection of these names, and to endeavor by personal contact to make this advertising effective.''

Paragraph 12 provides:

''We mutually agree that it is to the interest of both parties to conduct an additional advertising campaign at intervals of at least 60 days, free from expense to us, and that this campaign should include approximately fifteen (15) names of our (my) best prospects, selected by us (me).''

The specific acts the appellee undertook to perform under this contract were to use "fair and reasonable efforts in promoting the sale of the Serenado" in accordance with appellants' "methods and directions," and to send to appellants, within 15 days after the approval of the agreement, the names of 50 prospective purchasers, and to use reasonable care in the selection of these names, and to endeavor, by personal contact, to make this advertising effective.

The agreements of the respective parties in this contract were, as we view it, entirely independent. The appellants undertook, in the first instance, to furnish the appellee with a model talking machine and certain paraphernalia to go with it. The appellee agreed to put up $275 in the form of a series of notes, and the appellants agreed in the contract that, if appellee failed to sell 26 machines within a period of 15 months to their customers, the appellants would return to appellee the said $275. The contract in this respect was complete, and these terms and conditions were in no wise dependent upon any other provisions of the contract. It is true that the appellee agreed to furnish certain names of prospective purchasers to the appellants, and appellants agreed to advertise its machine, under its "plan," to said prospective purchasers. The agreement to furnish said names to the appellants and the agreement of the appellants to advertise the machine to the parties whose names were so furnished were no part of the conditions of the contract upon which the $275 was to be returned to appellee. This part of the contract is entirely independent of the former conditions, is separate and distinct therefrom, and is in no way a condition precedent to the right of appellee to recover the $275. Appellants agreed with appellee to return the $275 to appellee in one event, and one event only, and that was upon the condition that the appellee failed to sell at least 26 machines within a period of 15 months, and to return the model machine. The agreement to return the $275 was in no way conditioned upon the fact that appellee should furnish the names of prospective purchasers to appellants. The agreement so to do was, as we view it, wholly independent of appellants' agreement to repay the $275 upon the condition that appellee failed to sell the

specified number of machines within the named period, and sent back the model machine.

We are of the opinion that the trial court was correct in holding that the amendment tendered by the appellants constituted no defense to the appellee's right to recover in this action.

IV.    Appellants complain of the ruling of the court in excluding certain testimony which was offered by the appellants. The subject-matter of said testimony so rejected bore on the question of the failure of the appellee to perform the independent conditions of the contract which were referred to in appellants' proposed amendment in regard to furnishing the names of the prospective purchasers.    There was no error in the refusal of the court to admit this testimony on a subject-matter which did not constitute a defense to the appellee's cause of action.

We find no error requiring interference on our part, and the judgment of the district court must, therefore, be, and the same is,—*Affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.