GIDEON W. FISHER, Appellant, v. GEORGE F. McCARTY, Appellee.

**APPEAL AND ERROR:** Briefs—Assignment in Amended Brief.   Appellant's *original* assignment of errors on appeal measures his full right of review.   (Rule 53.)

**PLEADING:** Amendments—Rule of Discretion.   Amendments which simply conform the pleadings to the proof are usually allowed without question.

**CONTRACTS:** Rescission—Unilateral Promise.   The written promise (without consideration in fact) of the cashier of a bank to withhold for the promisee a named sum from the deposit of a third

party, in order to enable the promisee to adjust a dispute with said third party over said deposit, may legally be withdrawn on notice to the promisee.

*Appeal from Mahaska District Court.*—D. W. Hamilton, Judge.

November 13, 1923.

Rehearing Denied February 16, 1924.

Action at law, to recover a sum of money claimed to belong to plaintiff and to be in the hands of the defendant. The cause was ·tried to the court without the intervention of a jury, and judgment was rendered for the defendant. Plaintiff appeals.— *Affirmed.*

*L. T. Shangle* and *D. C. Waggoner,* for appellant.

*T. J. Bray,* for appellee.

Faville, J.—This appeal is prosecuted with little regard to the rules of this court. It is scarcely possible that our observations respecting Rule 53 in *Reynolds & Heitsman v. Henry,* .

1. Appeal and Error: briefs: assignment in amended brief.
193 Iowa 164, have been unnoticed by counsel for appellant. In *State v. Wallack,* 193 Iowa 941, we said:

"Under the rules of practice in this court, it is the duty of counsel, in preparing of brief and argument, to prepare what is designated a 'brief,' following the errors relied upon for a reversal, and such brief should contain, under a separate heading of each error relied on, separately numbered propositions or points, stated concisely, and without argument or elaboration, together with authorities relied on in support of them. Counsel for appellant have wholly disregarded this rule; and while we do not desire to prejudice the rights of the accused by reason of this neglect on the part of counsel, such rule should not be disregarded."

See, also, *Riggs v. Hatfield,* 187 Iowa 685; *Pascoe v. Chicago,*

*B. & Q. R. Co.,* 187 Iowa 987; *Wine v. Jones,* 183 Iowa 1166; *Stilwell v. Stilwell,* 186 Iowa 177.

The appellant, by reply brief, attempts to supply omissions in his original argument, as to brief points and propositions. Rule 53 requires that the original brief of appellant shall set out the errors relied upon for reversal and the brief points and propositions, and provides that no alleged error or point not contained in this statement of points shall be raised afterward by reply brief or in oral or printed argument. The case must be disposed of, under this rule, on the grounds selected by appellant in his original presentation of the case. *Richardson v. City of Centerville,* 137 Iowa 253; *State v. Thomas,* 173 Iowa 408; *Dodge v. Grain Shippers' Mut. Fire Ins. Assn.,* 176 Iowa 316; *Floyd & Newland v. Serenado Mfg. Co.,* 196 Iowa 6.

In December, 1919, appellant and one Leatherman held a public sale of personal property. A portion of the property sold belonged to appellant personally, a part of it belonged to Leatherman, and a part was owned by said parties jointly. The appellee was at said time the cashier of a bank, and was employed by the parties to act as clerk of said sale, and did so act. He took into his possession the proceeds of the sale, and, as we understand the record, they were deposited in the bank to the credit of Leatherman. Thereafter, the parties met for an accounting and settlement in respect to the proceeds of the sale. The net amount ascertained to be due appellant, after making proper adjustments with Leatherman, was the sum of $1,434.05. At the conclusion of said settlement, Leatherman delivered to appellant his check for the said sum of $1,434.05, drawn on the bank of which appellee was cashier. This was after banking hours. Before the bank in which appellant had deposited the check presented it for payment, Leatherman had stopped payment on the same, by notice to the bank, and appellant was notified that payment had been stopped. It also appears that some question had arisen in the meantime in regard to a claim which Leatherman asserted against appellant, which was not involved in the matters growing out of the public sale or settlement thereof. It appears that at said time Leatherman had on deposit in the bank on which the check was drawn an amount in excess of the sum specified in the check. Shortly after payment on the check had been

stopped, appellant called upon appellee in regard to said matter, and was then informed that payment on the check had been stopped by Leatherman. There was some discussion at the time between the parties relative to the holding of the money in the bank, pending an attempted settlement between appellee and Leatherman. The check which Leatherman had drawn was left with appellee at the time, and appellee at said time executed and delivered to appellant a written instrument, reciting as follows:

"I will hold $1,434.05 out of Fisher and Leatherman's sale for Gideon W. Fisher.—Geo. F. McCarty, Clk."

About a week later, appellant again called on appellee, and at said time was informed by appellee that he did not desire to attempt to hold the money any longer, and that, if appellant and Leatherman did not effect a settlement, he would not attempt to hold the money beyond the 9th of January, 1920. Nothing further appears to have been done by any of the parties, and Leatherman in due time, and after January 9, 1920, checked out his account. About a year later, appellant instituted this action, seeking to recover from appellee the said sum of $1,434.05.

I. Appellant predicates error upon the action of the court in overruling plaintiff's motion to strike from the files the defendant's "substituted answer to meet the proof."

The appellee filed an answer to the petition on April 16, 1921. The cause was called for trial on March 10, 1922. On March 14, 1922, appellee filed a "substituted answer to meet the proof." On March 20, 1922, appellant filed a motion to strike the said substituted answer. The court overruled said motion to strike, and on March 23d, appellant filed his "reply to defendant's substituted answer to meet the proof."

It is the general and well established rule that the courts in this state are very liberal in allowing amendments to pleadings, especially so where no substantial change is made in the 2. PLEADING: amendments: rule of discretion. issues, and where the amendment is proper to conform the pleadings to the proof offered. *Blandon v. Glover*, 67 Iowa 615; *Farmers Mercantile Co. v. Farmers Ins. Co.*, 161 Iowa 5; *Pace v. City of Webster City*, 138 Iowa 107. It is a matter resting largely within the discretion of the trial court.

We find no error on the part of the court in permitting the filing of said substituted answer.

II.   The appellant assigns as error the action of the court in overruling appellant's motion to strike from the files the amendment to the answer, filed on March 10, 1922.

The grounds of the motion to strike the amendment were that it was filed too late, and that the petition and answer were verified and the amendment was not verified.   The amendment was not filed too late.   The court did not abuse its discretion in this regard.   The amendment did not require verification, under the provisions of Code Section 3591, and in any event, it was promptly verified after appellant's motion was filed.

There was no error at this point.

III.   Appellant contends that the court erred in overruling the motion for directed verdict in his favor.

At the close of all the testimony, each party made a motion for directed verdict in his behalf.   Thereupon, the parties agreed of record that the jury should be waived and the cause submitted to the court "to pass upon the case and determine the legal proposition and the fact proposition, if there is any."   Subsequently, the court entered judgment dismissing the action "upon its merits," and rendered judgment against appellant for costs. The motion for directed verdict in behalf of appellant was predicated on the claim that the evidence in the case without dispute established appellant's right to recover.   It did not do so.   The court did not err, under the record, in overruling this motion.

IV.   The appellant makes complaint of "the action of the court in rendering judgment in this cause, that the cause of action be dismissed upon its merits, and judgment rendered against the plaintiff for costs."

This was a law action, tried to the court.   The decision of the trial court on any disputed fact question has the force and effect of a verdict of the jury, and is binding upon this court.

3. CONTRACTS: rescission: unilateral promise.

We have examined the record, and are content with the conclusion reached by the trial court upon the facts in the case.   The most favorable construction that can be placed upon appellant's petition is that he seeks thereby to hold appellee as his agent, under the written

instrument referred to. The evidence in the case fairly discloses that, when said written instrument was given, it was without any consideration, and that appellee was undertaking thereby to prevent the disbursement of the funds in the hands of the bank, of which he was cashier, by Leatherman, in whose name the funds had been deposited. This was done for appellant's benefit, and to enable him to have time to adjust his differences with Leatherman. The money was, in fact, so held in the bank, and was not withdrawn by Leatherman until after appellee had notified appellant he would not attempt to hold the money beyond a specified day. If it be conceded that appellee was the agent for appellant, still he had a right to terminate the agency. There was no time fixed in the written instrument during which appellee had agreed to hold the money. He unquestionably had a right to terminate the agency upon reasonable notice to the appellant that he intended so to do. This the record shows that he did, and after such notice, and after the time limit fixed therein, he was under no further obligation to the appellant. If appellant slept upon his rights in failing to proceed expeditiously against Leatherman or to otherwise protect his interests, it was not the fault of the appellee.

We find no error requiring any interference on our part. The judgment of the district court must therefore be, and it is, —*Affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.