FRED J. SEXAUER, Appellant, v. JOHN DUNLAP, Appellee.

DECEMBER 14, 1928.

REHEARING DENIED MARCH 8, 1929.

*F. E. Northup* and *John McLennan,* for appellant.

*C. H. E. Boardman,* for appellee.

FAVILLE, J.—The facts are not in material dispute. It appears that, on or about the 31st day of August, 1924, the appellant, in company with other persons, was driving eastward  on the public highway known as the Lincoln Highway at a place about six miles west of the city of Marshalltown. At said place, there is a highway from the south which forms a junction with said Lincoln Highway, but does not cross the same to the north. Said highway from the south was concealed from one driving eastward on the Lincoln Highway by a bank about eight feet high, and by trees. There were no marks or signs upon the Lincoln Highway, indicating the existence of said highway to the south. The appellee resided in the vicinity, and was familiar with the entire surroundings. The appellant was a stranger to the situation. The appellant was driving at a speed of approximately twenty-seven miles per

hour, at the time of the collision. The appellee drove northward upon the Lincoln Highway on the west or left side of the highway upon which he was driving, and turned to the left upon said Lincoln Highway. In so doing, he did not keep to the right of the center of the intersection, but turned within approximately three feet of the left side of the corner of the intersection, toward the west, thus crossing the path of appellant's car at an angle. The cars collided, resulting in the injury complained of. Neither party sounded any signal. The appellant set the brakes upon his car as soon as he saw the appellee's car. The collision occurred on the south part of the Lincoln Highway, and west of the beaten path of the road from the south. After the impact, the cars moved toward the northeast. The left front fender of appellee's car was hooked in the right-hand wheel of appellant's car. The road was dry and rough where the accident occurred. The appellant's car was on the right-hand side of the road, near the edge. The road had been graded. When appellee's car was first seen by the occupants of appellant's car, it was about thirty feet away. The accident occurred about one o'clock in the afternoon. As appellee approached the said Lincoln Highway, he was not looking to the west, in the direction from which the appellant's car was approaching, but was looking toward a party sitting at his right, or to the east. The appellant testified that he was probably ten feet west of the west line of the north and south highway when he first saw appellee's car, and that appellee was then at about the south line of the Lincoln Highway. The appellant was driving upgrade, and the appellee downgrade. There was no evidence that appellee applied the brakes to his car.

I. The undisputed record shows that the appellee was entirely familiar with the surroundings; that he approached the highway in question from a point where he knew that his approach was obscured and hidden from automobiles passing east on the Lincoln Highway. The statute in force at that time (Chapter 275, Acts of the Thirty-eighth General Assembly), among other things, provided:

"Sec. 26. * * * (d) The operator of a motor vehicle, in turning to the right from one street or highway into another, shall turn the corner as near the right hand as practicable, and, in turning to the left from one street or highway into another, shall pass to the right of and beyond the center before turning."

The evidence discloses that the appellee failed to obey this statutory requirement, but, on the contrary, turned a "short corner" in entering the Lincoln Highway, and did not pass to the right and beyond the center of said highway.

The appellee contends, however, that, even though the record may have disclosed a question for the jury in regard to the claimed negligence of the appellee, the evidence fails to show that said negligence, if any, was the proximate cause of the injury complained of. At this point in the case, we are of the opinion that the case presented a fact question for the determination of the jury as to whether or not, under all the facts and circumstances disclosed, the alleged negligence of the appellee was the proximate cause of the injury resulting to the appellant. It is only in those cases where it is clear and apparent from the record that the claimed negligence was not the proximate cause of resulting injury that the court is justified in directing a verdict. *Fitter v. Iowa Tel. Co.*, 143 Iowa 689; *McSpadden v. Axmear*, 191 Iowa 547; *Carlson v. Meusberger*, 200 Iowa 65. In this case, the question of the appellee's negligence, and whether or not said negligence, if established, was the proximate cause of the injury to the appellant, was a question proper to be submitted to the jury for its determination.

II. Appellee contends, however, that the court correctly directed a verdict in favor of the appellee for the reason that the undisputed evidence shows that the appellant was guilty of  contributory negligence in the operation of his car, and that such contributory negligence was the proximate cause of the injury. It is contended that the appellant was guilty of contributory negligence in failing to give to the appellee the right of way at the intersection. The statute in force at the time of the transaction in question (Chapter 275, Acts of the Thirty-eighth General Assembly), provided that:

"Sec. 26. * * * (i) Where two vehicles are approaching on any public street or highway so that their paths will intersect and there is danger of collision, the vehicle approaching the other from the right shall have the right of way."

It is the appellee's contention that, under this section of the statute, he had the right of way at the intersection. A

difficult question confronts us at this point. The undisputed evidence shows that the appellant had no notice or knowledge of the existence of the highway upon which the appellee was driving. Under the evidence, it was entirely obscured from his view, and there is no evidence of anything to apprise the appellant, or anyone in his situation, of the existence of such a highway. The statute in question obviously was intended to apply only to a situation where the driver of a vehicle knew, or by reason of surrounding circumstances was bound to know, of the existence of another highway that might intersect his path. The statute contemplates not merely a situation where the paths of the two vehicles will intersect, but also a situation where "there is danger of collision." This must be observable, in order for the statute to be applicable. It could scarcely be said that a driver on a public highway, exercising ordinary and reasonable care, without any knowledge of an intersecting highway, or anything to apprise or advise him in any way that he was about to approach such a highway, would, as a matter of law, be guilty of negligence because he did not yield the right of way to an unobserved and unobservable automobile coming from such obscure, hidden, and unknown road. The statute could only become operative under circumstances where the driver of a car either knew, or, by reason of all of the attending circumstances, was chargeable with notice, of the existence of such intersecting highway. The statute in terms provides that it becomes operative only in the event that two vehicles are approaching the intersection in such a manner *that their paths will intersect,* and also in such a manner that there is *danger of collision.* It is only when these two conditions combine that the car approaching from the right has the right of way. Under the facts and circumstances of this case, it could not be held, as a matter of law, that the appellant was guilty of negligence in not yielding the right of way to appellee, who was approaching on the hidden and unknown highway from the right. The question of whether or not the appellant was acting as an ordinarily careful and prudent man when he failed to discover the intersecting road, and failed to yield the right of way to the appellee after he discovered, or should have discovered, the existence of such road and the approach of the appellee's car thereon, was a question for the determination of the jury; but

it cannot be said, as a matter of law, that the appellant, under the facts disclosed in this record, was guilty of contributory negligence in driving into said intersection without yielding the right of way in the same to the appellee. As bearing on this question, see *Carlson v. Meusberger*, 200 Iowa 65. See, also, *Judd v. Rudolph*, 207 Iowa 113.

III. Appellee contends that appellant was guilty of contributory negligence in failing to sound a horn as he approached the highway. The statute in force at the time provides as follows:

"An adequate signaling device shall in all cases be sounded on approaching curves, tops of hills, and the intersecting highways in the country where the operator's view is obscured." Section 25, Chapter 275, Acts of the Thirty-eighth General Assembly.

The undisputed evidence in this case shows that the appellant failed to sound his horn when approaching the intersection. Did this, under any and all circumstances, constitute negligence?  The appellee contends that this is an absolute duty, provided by statute, and that it is wholly immaterial whether the appellant knew of the existence of said highway or not, or could by reasonable diligence and care on his part have ascertained its existence. The constitutionality of the statute is not challenged. The argument is that this is a statutory requirement, and failure to obey it constitutes negligence *per se*. We are not disposed by any so-called rule of "judicial construction" to limit the legislative requirement respecting the care to be observed in the operation of motor vehicles upon the public highways. It is the duty of the driver of a car to obey each and all of the statutory requirements. He must exercise a high degree of care and caution to ascertain where intersecting highways are located and to obey the statutory requirements in approaching and passing the same. It is a matter of common knowledge that, in the daytime, at least, there are comparatively few places where an intersecting highway is so obscured that a driver cannot, by the exercise of reasonable care, discover its existence. Even though obscured by a cut or bank at the very point of intersection, it is often observable at a reasonable distance on either side, so as to advise a driver of its existence. But we

think it would be a harsh and unreasonable interpretation of this statute to hold that, as a matter of law, a driver of a vehicle upon a public highway, although exercising all due care and caution, and failing thereby to discover an obscured and hidden intersecting highway, should be held, as a matter of law, guilty of contributory negligence in driving into such an intersection without sounding his horn before approaching it. Such a rule would require the driver of an automobile to sound his signaling device at every grove or set of buildings or other obstruction beyond which there might, by chance, be located an intersecting highway, wholly hidden from view. It would compel him, at his peril, to sound his horn at every "obscure" crossroad, even though it was hidden in the blackness of night. We think that the rule contemplated by the legislative intent in this enactment was that, where the driver upon a public highway knows, or by the exercise of reasonable care, under the circumstances, was bound to know, that he is approaching an intersecting highway, where the view was obscured, the duty rests upon him to sound his signaling device. In the instant case, in view of all the facts and circumstances surrounding the situation, we think it was a question for the jury to determine whether or not the appellant was guilty of a violation of the statute, and hence guilty of negligence, in failing to sound his horn before approaching the highway upon which the appellee was driving. In other words, while the question is a very close one, we do not think, under the record in this case, that the court could hold, as a matter of law, that the appellant was guilty of negligence in failing to sound his horn in approaching the intersecting highway.

In any event, upon this branch of the case, even though the appellant was guilty of negligence in failing to sound his horn in approaching the intersecting highway, it was still a question for the jury to determine whether or not such negligence, if it existed, contributed to the resulting injury. It is the usual and general rule that the question of contributory negligence is a question for the jury, and such rule is applicable to the facts of the instant case upon this question.

IV. Again, it is contended that the appellant was guilty of contributory negligence in failing to operate his car in a

proper manner. The statute in effect at said time provides (Chapter 275, Acts of the Thirty-eighth General Assembly) :

"Sec. 27. Every person operating a motor vehicle on the public highway of this state shall drive the same in a careful and prudent manner, and at a rate of speed that will not endanger the property of another, or the life or limb of any person, and shall in no event drive the same at a greater rate than as follows:

"(a) Thirty (30) miles per hour * * *"

The undisputed evidence shows that the appellant was driving his car at a speed of approximately twenty-seven miles per hour. It appears to have been properly equipped with brakes, and the appellant was giving attention to the matter of operating the car, and applied the brakes as soon as he discovered the danger of collision. Whether or not, under all of these circumstances, the appellant acted in a reasonable and proper manner, or was guilty of negligence, was a question for the determination of the jury. The evidence was not such as justified the court in holding, as a matter of law, that the appellant violated said statutory provision, or was guilty of negligence in the manner in which he operated his car at or about the time of the injury.

Upon the entire record, we are constrained to hold that the trial court erred in directing a verdict in behalf of the appellee, and that the case presented was one for the consideration of the jury.

The judgment appealed from must be, and it is,—*Reversed.*

STEVENS, C. J., and EVANS, DE GRAFF, ALBERT, MORLING, and WAGNER, JJ., concur.