HATTIE BLOMGREN, Appellee, v. CITY OF OTTUMWA, Appellant.
No. 39939.

NOVEMBER 21, 1929.

*E. G. Moon,* for appellant.

*Lloyd L. Duke* and *A. R. Swartz,* for appellee.

WAGNER, J.—The appellant in its brief, under the heading "Errors Relied Upon For Reversal," states:

"The trial court erred in overruling defendant's motion for a directed verdict, which motion was submitted at the close of plaintiff's testimony and at the close of all the evidence, and in overruling defendant's motion for new trial upon the grounds stated in Paragraphs 9 and 10 of said motion for a new trial."

Grounds 9 and 10 of the motion for a new trial are as follows:

"9. Because the court erred in overruling the defendant's motion to direct a verdict filed at the close of the plaintiff's evidence, to which ruling exception was duly taken at the time."

"10. Because the court erred in overruling defendant's motion to direct a verdict in its favor filed at the close of all the evidence, to which ruling exception was duly taken by the defendant at the time."

The motion for a directed verdict contains 11 separate and distinct grounds.

It is apparent that the foregoing ground of error does not comply with the rules of this court, as we have repeatedly held that the assertion of sweeping omnibus errors in blanket form,  such as the foregoing, is not sufficient, under the rules of this court, to present anything for our consideration and determination. See *Reynolds & Heitsman v. Henry*, 193 Iowa 164; *Fisher v. McCarty*, 197 Iowa 369; *Harrington v. Southern Sur. Co.*, 206 Iowa 925; *Reynolds v. Chehak*, 199 Iowa 561; *In re Estate of Pauly*, 174 Iowa 122; *Ryan Bros. v. Rate*, 203 Iowa 1253; *Blakely v. Cabelka*, 207 Iowa 959; *Miller v. Swartzlender & Holman*, 192 Iowa 153; *Hedrick Nat. Bank v. Hawthorne*, 209 Iowa ——; *Bodholdt v. Townsend*, 208 Iowa 1350. This proposition has been fully considered in our recent pronouncements in *Hedrick Nat. Bank v. Hawthorne*, supra, and *Bodholdt v. Townsend*, supra; and repetition of what we there said is unnecessary.

The appellant, in its reply brief, attempts to make specific the grounds relied upon for reversal. This statement in its reply brief is of no avail to the appellant. The errors relied upon for  reversal set out in appellant's original brief measure its full right of review. See *Bodholdt v. Townsend*, supra; *Fisher v. McCarty*, supra; *Floyd & Newland v. Serenado Mfg. Co.*, 196 Iowa 6; *Dodge v. Grain Shippers' Mut. Fire Ins. Co.*, 176 Iowa 316; *State v. Thomas*, 173 Iowa 408; *Richardson v. City of Centerville*, 137 Iowa 253.

In view of the foregoing authorities, it is apparent that the

foregoing ground of error does not comply with our rules, and that the same presents nothing for our consideration and determination.

The appellant also complains as to certain instructions. In the grounds or specifications of errors, it is merely stated that the court erred in giving certain instructions, by number. It is the repeated pronouncement of this court that grounds of error in such form present no question for our determination, and that we are warranted in disregarding the same. See *Jacobs v. Vanderwicken* (Iowa), 218 N. W. 147 (not officially reported); *In re Estate of Mott*, 200 Iowa 948; *Central Tr. Co. v. City of Des Moines*, 204 Iowa 678; and the authorities hereinbefore cited. Instructions Nos. 8 and 9, concerning which complaint is made, are copied verbatim from Instructions Nos. 9 and 10 set out in full in *Finnane v. City of Perry*, 164 Iowa 171. A portion of said instruction, not excepted to in the instant case, has been held erroneous, but not prejudicial, in *Allen v. City of Fort Dodge*, 183 Iowa 818.

In the remaining instruction concerning which complaint is made, the court told the jury that the fact that other walks were permitted to remain in the same or similar condition as the one in question would constitute no defense. That said instruction is correct is too plain to require discussion.

For the foregoing reasons, the judgment of the trial court is hereby affirmed.—*Affirmed.*

ALBERT, C. J., and STEVENS, FAVILLE, DE GRAFF, MORLING, KINDIG, and GRIMM, JJ., concur.