LOU COWLES, Appellee, v. ALFRED JOELSON, Appellant.

No. 44794.

Juᴺᴇ 20, 1939.

H. H. Sawyer, for appellant.

J. Rudolph Hansen, for appellee.

Mɪʟʟᴇʀ, J.—The automobile accident, which forms the basis

for this litigation, occurred on November 3, 1937, at the intersection of East 30th street and University avenue in Des Moines, Iowa. Appellee was driving his automobile north on East 30th street crossing University avenue. Appellant was driving his automobile west on University avenue crossing East 30th street. The accident occurred between 4:30 and 5:00 p. m. on a clear day. Appellant's car struck the right rear wheel of appellee's automobile when more than half of appellee's automobile was clear of the intersection. Appellant did not see appellee's car before the impact. As a result of the impact, appellee received personal injuries and his automobile was rendered practically worthless.

Appellant concedes that the jury properly found him guilty of negligence. No complaint is made in regard to the introduction of evidence, nor the instructions given to the jury by the court. The only action of the trial court, which appellant undertakes to challenge in this court, is the overruling of appellant's motion for a directed verdict made at the close of appellee's evidence and renewed at the close of all the evidence. It is appellant's contention that, under the record made, the trial court should have determined that appellee was guilty of contributory negligence as a matter of law.

At the outset, we are faced with a motion of appellee to dismiss the appeal because of appellant's failure to comply with Rule 30 in the preparation of his brief and argument. The principal decision of this court, relied upon by appellee in support of the motion to dismiss, is Pickett v. Wray, 225 Iowa 288, 280 N. W. 519, which case in turn expressly follows our decision in the case of Andreas & Son v. Hempy, 221 Iowa 1184, 1186, 268 N. W. 13. The propositions presented to this court in the Pickett case are almost identical with those presented by appellee's motion herein. Were we to overrule appellee's motion to dismiss, we would be compelled to overrule or ignore our holding in the Pickett case. We see no occasion for so doing.

Appellee's motion to dismiss was served and filed April 17, 1939. The case was submitted to this court on May 4, 1939. The motion to dismiss was timely, in accordance with Rule 19 of this court. We, therefore, hold that the motion is well grounded.

Appellant's resistance to the motion to dismiss is in the nature of a confession and avoidance, wherein appellant asks the indulgence of this court for the unintentional error and

violation of Rule 30 and for permission to amend his brief and argument to comply with Rule 30. No order was entered by this court prior to the submission. The resistance to the motion to dismiss is contained in what is denominated "Appellant's Amendment to Brief and Argument and Reply to Appellee's Brief and Argument", which was served and filed April 26, 1939, approximately a week before the submission and nine days after appellee's brief and motion to dismiss had been filed. That portion of the document which is denominated "Amendment to Appellant's Brief and Argument" consists solely of a reassignment of errors in an effort to comply with Rule 30.

In the case of Lorimer v. Hutchinson Ice Cream Co., 216 Iowa 384, 387, 249 N. W. 220, 222, we state:

"The additional briefs and amendments were apparently filed to make more specific the errors relied upon for reversal and meet or obviate the points raised in appellee's brief and argument. This cannot be done after appellee has filed his brief and argument. Bodholdt v. Townsend, 208 Iowa 1350, 227 N. W. 404; Fisher v. McCarty, 197 Iowa 369, 195 N. W. 608; Floyd & Newland v. Serenado Mfg. Co., 196 Iowa 6, 193 N. W. 581; Dodge v. Grain Shippers Mutual Fire Insurance Assn., 176 Iowa 316, 157 N. W. 955; State v. Thomas, 173 Iowa 408, 155 N. W. 859; Blomgren v. City of Ottumwa, 209 Iowa 9, 227 N. W. 823, 824."

In the case of Blomgren v. City of Ottumwa, 209 Iowa 9, 10, 227 N. W. 823, 824, cited in the above quotation, we state:

"The appellant, in its reply brief, attempts to make specific the grounds relied upon for reversal. This statement in its reply brief is of no avail to the appellant. The errors relied upon for reversal set out in appellant's original brief measure its full right of review. See Bodholdt v. Townsend, supra; Fisher v. McCarty, supra; Floyd & Newland v. Serenado Mfg. Co., 196 Iowa 6, 193 N. W. 581; Dodge v. Grain Shippers Mut. Fire Ins. Co., 176 Iowa 316, 157 N. W. 955; State v. Thomas, 173 Iowa 408, 155 N. W. 859; Richardson v. City of Centerville, 137 Iowa 253, 114 N. W. 1071."

Were we to accede to the contentions of appellant, it would be necessary for us to overrule or ignore the decisions of this court last above quoted from, as well as the decisions therein

cited. We see no occasion for so doing. The motion to dismiss is sustained.

In the consideration of appellee's motion to dismiss, we have carefully read the record herein, and have also examined the briefs and arguments filed by appellant. Were appellant's contentions herein properly before us, we would be disposed to affirm the judgment of the trial court.

 The basis for appellant's contention, that under the record herein appellee was guilty of contributory negligence as a matter of law, is bottomed on three propositions: (1) failure to maintain lookout, (2) failure to yield right of way, (3) failure to make a proper stop before entering an arterial highway. We find no merit in any of such contentions.

Under the record herein, there was evidence to warrant the jury in finding that, when appellee was about to cross University avenue, an arterial highway, he looked to the east and saw appellant's automobile at a distance of approximately 150 feet. He then proceeded across the intersection at a speed estimated between 5 and 10 miles per hour until, when more than half of his automobile was out of the intersection, appellant's car collided with the right rear wheel of appellee's car. The contentions regarding the failure to maintain a lookout and failure to yield the right of way are substantially the same as those presented to this court in the case of Hartman v. Red Ball Transp. Co., 211 Iowa 64, 68, 233 N. W. 23, 24, wherein we state:

"The bus of appellants approached the intersection from the favored direction,—that is, from the right. If the jury believed from the testimony introduced in behalf of appellee that the bus was 70 or 80 feet from the intersection at the time the car reached the same, no one would contend that the driver thereof was guilty of contributory negligence in attempting to immediately proceed across the street. In such circumstances, he was not bound to wait for the bus to cross the intersection, but had a right to proceed. Lein v. John Morrell & Co., supra [207 Iowa 1271, 224 N. W. 576]. * * * The driver of the automobile approaching an intersection and finding no one approaching it from the right within such distance and under such circumstances as to reasonably indicate danger of collision, is under no obligation to stop, but may lawfully proceed on his way. The jury could, therefore, under the evidence in this case, have

found that the driver of the car lawfully entered and attempted to cross the intersection.''

In the Hartman case, there was evidence to the effect that the speed of appellee's car was between 5 and 15 miles per hour while crossing intersection. Although appellant relies upon a different statute than that involved in the Hartman case, the duty in this case as well as that one was to yield the right of way to a vehicle approaching so closely as to constitute a hazard. Were we to sustain appellant's contentions herein, we would not only be required to overrule our decision in the Hartman case, but would be required to go much farther than would have been required for a reversal in that case. We see no occasion for so doing.

The third ground for appellant's contention that appellee was guilty of contributory negligence as a matter of law involves the application of the provisions of subsection 51 of section 1 and sections 350 and 351 of chapter 134 of the Acts of the 47th General Assembly [sections 5000.01, par. 51, 5026.03, 5026.04, Code 1939] to the facts shown by the record herein. Considering such sections as a whole, particularly the latter part of subsection 51 of section 1 of said chapter, and the peculiar facts and circumstances shown by the record herein, there is no basis for appellant's contention.

For the reasons above stated, the appeal is dismissed.—Dismissed.

MITCHELL, C. J., and HALE, SAGER, HAMILTON, OLIVER, STIGER, and BLISS, JJ., concur.