C. P. SHORT, Appellant, v. O. C. POWELL, Appellee.

No. 45068.

APRIL 2, 1940.

R. J. Kremer and W. W. Crissman, for appellant.

Grimm, Elliott, Shuttleworth & Ingersoll and Hallagan, Fountain, Steward & Cless, for appellee.

SAGER, J.—The driver of appellant's car will be spoken of as plaintiff although he is not, in fact, the owner of the car. It belonged to his son but was being driven with the latter's consent. On the morning of June 21, 1938, at about 8:30 o'clock, plaintiff was driving westward on a county road 61 feet wide between fences. This was intersected by another county highway 54 feet wide between fences. The traveled portion of the east and west road was 19 feet wide, the north edge thereof being 19 feet south of the fence line. It was on the north side of this traveled portion along which plaintiff moved. That portion of the north and south highway generally used for vehicular travel was 20 feet wide and the east edge thereof, 17 feet west of the east fence line. Therefore, under the statute, the roadway upon which plaintiff was driving was 19 feet wide, and that of the defendant, 20 feet. Subdivision 47, section 1, chapter 134, Acts of the Forty-seventh General Assembly. This made the intersection upon which the accident happened, 19 feet by 20 feet. Subdivision 51 of the cited section.

Plaintiff, who was familiar with the intersection, approached it at about 30 miles per hour, which speed was reduced to about 20 miles per hour by the time he was opposite the post on the northeast corner of the intersection, using the term "intersection" here as the area within the fence lines if extended. Trees and other vegetation obscured his view to the north, as it did that of the defendant. There was an opening in this obstruction at an undisclosed distance from the corner. Plaintiff was looking to the right and ahead but did not see defendant's car until about the time he reached the corner post. Appellee was then about 40 feet north of an extension of the north highway line coming at a speed of about 40 miles per hour. Plaintiff applied his brakes and tried to stop. Defendant, when he saw that an accident was going to happen, made no attempt to apply his brakes but "ducked" down in the seat to protect himself.

Neither vehicle changed its course and they came together when the front part of plaintiff's car was 6 feet or 7 feet west of the center of the (statutory) intersection. Plaintiff's car was struck on the right side between the front and the front door and substantially destroyed. The truck, being the heavier vehicle and carrying 7 head of cattle of about 700 pounds each, continued southward driving plaintiff's car in the same direction about 100 feet. When the vehicles came to rest, plaintiff's car was facing south in the east ditch and the truck, facing the same direction in the west ditch. Neither driver had sounded his horn.

At the conclusion of plaintiff's testimony defendant moved for a directed verdict for the reason that plaintiff had failed to establish that the negligence of defendant was the proximate cause of the injury; had failed to establish the negligence of defendant; had failed to establish freedom from contributory negligence; and that the record established as a matter of law that the plaintiff was guilty of such contributory negligence. The trial court sustained the motion.

■ Whether the court was in error in deciding the case as a matter of law, or whether it should have submitted the case to the jury for determination, is before us on this appeal. We have so frequently held as to require no citation in its support, that where reasonable minds may reach different conclusions from the facts presented, the case is one for the jury. Can it be said then under a record like this that the plaintiff's negligence and its proximate relation to the damage is so clear that there can be no ground for reasonable difference of opinion? The trial court by its ruling answered in the affirmative but we hold it was in error.

■ It is to be remembered that when speeds and distances are spoken of, we are dealing with estimates and not with certainties. For that reason we think it to no purpose to make computation (as the parties do in argument) to prove as established fact that either or both of the drivers should have done or omitted doing certain things in the exercise of reasonable care. The case is one in which the comment of Mitchell, J., in Eby v. Sanford, 223 Iowa 805, 807, 273 N. W. 918, is peculiarly

apt, though in that case there was dispute in the evidence while here there is none:

"We are dealing in fractions of seconds, and courts cannot say as a matter of law which of the two parties was to blame. The question is for the jury to decide upon the evidence submitted."

Both parties appeal to the provisions of section 348, chapter 134, Acts of the Forty-seventh General Assembly, which so far as material here provides:

"The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.

"When two vehicles enter an intersection from different highways at the same time the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right."

Each seeks to read this statute so as to put the other at fault. Can it be said under this record as a matter of law that the plaintiff did not enter the intersection first? We think the question answers itself in the negative. If the jury had found as a fact that plaintiff was first to enter the intersection, he had the right of way. See Hartman v. Red Ball Transportation Co., 211 Iowa 64, 68, 233 N. W. 23, 25, where we said:

"There is no possible hypothesis upon which the testimony of the witnesses, either as to the speed or relative position of the respective vehicles at any instant preceding the collision, may be determined absolutely. The driver of the car, if properly upon the intersection, had a right to assume that the driver of the bus would not unlawfully use the street."

See also Roe v. Kurtz, 203 Iowa 906, 210 N. W. 550.

But it is argued that plaintiff's failure to sound his horn as he approached the intersection made him guilty of negligence as a matter of law. The statute as it now stands does not require the sounding of the horn under any and all conditions.

This is in part the wording of section 456, chapter 134, Acts of the Forty-seventh General Assembly:

"* * * The driver of a motor vehicle shall when reasonably necessary to insure safe operation give audible warning with his horn but shall not otherwise use such horn when upon a highway."

As to when the horn must be used being thus left to the reasonable discretion of the driver, it would seem to require no argument or citation to show that whether plaintiff would have sounded his horn was a fact question rather than one of law. The jury could determine as well as the court whether it would have availed anything to have attempted to notify the driver of the defendant's heavily ladened truck traveling 40 miles per hour; so, too, was it for the jury to decide whether entering the intersection at 20 miles per hour and attempting to stop as plaintiff did, established either negligence, excess speed, lack of control, or all of them. It was also for the jury to determine whether the plaintiff's negligence, if any, contributed to the injury. As supporting our conclusions, see Carlson v. Meusberger, 200 Iowa 65, 204 N. W. 432; Sexauer v. Dunlap, 207 Iowa 1018, 222 N. W. 420; In re Estate of Green, 224 Iowa 1268, 278 N. W. 285; McIntyre v. West Co., 225 Iowa 739, 281 N. W. 353; and Cowles v. Joelson, 226 Iowa 1202, 286 N. W. 419.

Appellee, arguing in support of the court's ruling, cites Buzick v. Todman, 179 Iowa 1019, 162 N. W. 259; Masonholder v. O'Toole, 203 Iowa 884, 210 N. W. 778; Hollingsworth v. Hall, 214 Iowa 285, 242 N. W. 39; Parrack v. McGaffey, 217 Iowa 368, 251 N. W. 871; Newland v. McClelland & Son, 217 Iowa 568, 250 N. W. 229; Hittle v. Jones, 217 Iowa 598, 250 N. W. 689; Lang v. Kollasch, 218 Iowa 391, 255 N. W. 493; Hewitt v. Ogle, 219 Iowa 46, 256 N. W. 755; Wimer v. M. & M. Star Bottling Co., 221 Iowa 120, 264 N. W. 262; Rogers v. Jefferson, 224 Iowa 324, 275 N. W. 874; and Cowles v. Joelson, 226 Iowa 1202, 286 N. W. 419. Of these cases, Lang v. Kollasch, supra, is the only one that tends to lend support to the defendant's contentions but that case is readily distinguishable

338

from the case at bar. It was decided before the present motor vehicle law was in force and at a time when the law of the road with reference to intersections was much different than it is now. In that case the plaintiff knowingly approached an obscured intersection without observing the statutory require ments and without looking and without attempting to slacken the speed of his car. Here plaintiff did slow down his car and attempted to stop when he saw that the defendant was making no move to avoid the accident. He approached the crossing, looking to see if any traveler was approaching from the north. That he might have escaped injury had he not applied his brakes is beside the point. It still remains a question for the jury.

In the light of our present statute and the cases cited, we hold that the court under the record before us should have submitted the cause to the jury under proper instructions. Its judgment is, therefore, reversed.—Reversed.

HAMILTON, C. J., and OLIVER, HALE, MITCHELL, BLISS, MILLER, and RICHARDS, JJ., concur.