MOYER QUICK, Appellee, v. ALFRED PAULSON, Appellant.

No. 45260.

JUNE 18, 1940.

666

M. C. Williams, for appellee.

F. J. Lund, for appellant.

MITCHELL, J.—At about 4:30 o'clock on the afternoon of December 28, 1938, Moyer Quick, was driving his 1929 Model A Ford in a northerly direction on a graveled street, in the town of Stratford, known as the County Line street. This street was intersected from the east by Milton street, which is also graveled. When he reached a point about 7 feet south of the intersection a collision occurred between the Quick automobile and a car driven and owned by Alfred Paulson. Quick commenced this action to recover damages for personal injuries he claims to have suffered and also damage to his car. Paulson filed answer denying each and every material allegation in plaintiff's petition. There was a trial to a jury which returned a verdict in favor of Quick in the amount of $390. The defendant has appealed.

At the close of the evidence the appellant made a motion for a directed verdict, the main grounds, of which were that the appellee was guilty of contributory negligence as a matter of law, and that he did not maintain a proper lookout. The court overruled the motion, and this is one of the errors urged on this appeal.

The accident occurred on the afternoon of a clear, bright day. The appellee was driving his 1929 Ford in a northerly direction on County Line street, which runs north and south, and is graveled and about 25 feet, 6 inches in width. This street is intersected from the east by Milton street, which is also graveled and about the same width. There is a hedge 6 feet high running east and west along Milton street. This hedge

is about 14 feet south of the south curb line of the east and west street.

Quick testified that he was driving at about the speed of 20 miles per hour, on the right-hand side of the road. That his view to the east down Milton street was obstructed by the hedge. That he was watching the road ahead of him and the intersection. That when he reached a point 6 or 7 feet south of the intersection the appellant's car cut around the corner and collided with his car. That he did not see the Paulson car until about the moment of the collision. Appellant testified that as he drove west on Milton street he saw the Quick car down County Line street, a distance of 300 feet, that he turned south in the intersection, and did not cut the corner and run into Quick, but that the Quick car was on the wrong side of the street and ran into the Paulson car. Thus we see that there is a direct conflict in the evidence, it was a fact question for the jury to decide, and the lower court was right in overruling the motion to direct.

■ Appellant argues that the failure of the appellee to sound his horn made him guilty of negligence as a matter of law.

In the very recent case of Short v. Powell, 228 Iowa 333, 336, 291 N. W. 406, 408, this court was confronted with the same proposition and speaking through Justice Sager said:

"But it is argued that plaintiff's failure to sound his horn as he approached the intersection made him guilty of negligence as a matter of law. The statute as it now stands does not require the sounding of the horn under any and all conditions. This is in part the wording of section 456, chapter 134, Acts of the Forty-seventh General Assembly: '* * * The driver of a motor vehicle shall when reasonably necessary to insure safe operation give audible warning with his horn but shall not otherwise use such horn when upon a highway.' As to when the horn must be used being thus left to the reasonable discretion of the driver, it would seem to require no argument or citation to show that whether plaintiff would have

sounded his horn was a fact question rather than one of law. The jury could determine as well as the court whether it would have availed anything to have attempted to notify the driver of the defendant's heavily ladened truck traveling 40 miles per hour; so, too, was it for the jury to decide whether entering the intersection at 20 miles per hour and attempting to stop as plaintiff did, established either negligence, excess speed, lack of control, or all of them. It was also for the jury to determine whether the plaintiff's negligence, if any, contributed to the injury. As supporting our conclusions, see Carlson v. Meusberger, 200 Iowa 65, 204 N. W. 432; Sexauer v. Dunlap, 207 Iowa 1018, 222 N. W. 420; In re Estate of Green, 224 Iowa 1268, 278 N. W. 285; McIntyre v. West Co., 225 Iowa 739, 281 N. W. 353; and Cowles v. Joelson, 226 Iowa 1202, 286 N. W. 419.''

Certain instructions are complained of. A careful consideration of the instructions as a whole convinces us that there was no prejudicial error. It necessarily follows that this case must be and it is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.