J. E. RICHARDSON V. M. L. PROBST, *et al.*, Appellants.

**Attachment:** JOINT OBLIGORS. That the surety on a note is financially responsible, does not affect the right of the holder to an attachment in a suit against the maker, if any of the grounds of attachment specified by the Code exist as against him; and it is prejudicial error to admit testimony showing the existence of such a surety.

**Appeal.** Where an appellee presents no brief or argument, the supreme court will consider only such questions as are essential to determine the appeal.

*Appeal from Jackson District Court.*—Hon. W. F. BRANNAN, Judge.

FRIDAY, OCTOBER 15, 1897.

ACTION on an attachment bond. Verdict and judgment for plaintiff, and the defendants appealed.— *Reversed.*

*B. F. Thomas* and *Hayes & Schuyler* for appellants.

No appearance for appellee.

GRANGER, J. — Defendant Probst brought an action against the plaintiff herein on a note, and sued out an attachment, and defendant Stickley was surety on the attachment bond. This is an action on the bond, on the ground that it was wrongfully sued out. The answer was, for the purposes of our consideration, a denial. One Jane Preston was surety on the note sued on in the attachment proceeding, but was not a party to that suit, and is not to this. At the trial of this suit, the plaintiff, Richardson, was a witness in his own behalf; and, after stating that Jane Preston was surety on the note in the attachment suit, he was permitted,

against objections, to state her financial condition, and complaint is made of the ruling. In the absence of an argument for appellee, we are left to assume the purpose of the testimony, and we think of no other purpose than as bearing on the question of the wrongful suing out of the attchment. The answer showed her to be possessed of property. We discover nothing in the law authorizing attachments, where a ground therefor exists, as to one of the makers of the note, and such a suit is brought, to make the pecuniary responsibility of another maker material, on the question of an attachment being properly sued out. The alleged ground for the attachment was that the defendant was about to remove from the state, and had started to leave the state, and refused to make any arrangements for the securing of the payment of the debt when it became due. Such facts are statutory grounds for an attachment. The law does not make the fact that there are others, who are responsible, liable for the payment of the debt, a limitation on the right; but the right to the writ is made to depend on facts as to any obligor against whom payment could be enforced. Our law gives a right of action against any or all the joint makers of a note. Code, section 2550.

We think it was error to admit the evidence to show the responsibility of the surety on the note, and such testimony could hardly have been otherwise than prejudicial. As we are without an argument by appellee, we limit our consideration to such questions as are essential to determine the appeal. *Dodd v. Scott,* 81 Iowa, 319. The judgment is REVERSED.