L. LARSH, Appellant, v. J. C. STRASSER, Appellee.

**NEGLIGENCE: Presumption—Speed of Automobile.** It may not be
1 presumed that an automobile was moving at a rate of speed in
excess of 25 miles per hour (Section 1571-m19, Code Supp., 1913),
from the naked fact that, upon coming in contact with an ob-
ject, the automobile moved the object a distance of 50 feet.

**NEGLIGENCE: Equal Fault.** Plaintiff, when equally at fault with
2 defendant, may not recover damages consequent upon an acci-
dent. So held where neither of two motor vehicle drivers gave
warning of his approach to an intersecting highway.

*Appeal from Polk District Court.*—W. H. MCHENRY, Judge.

JUNE 27, 1918.

ACTION for damages resulted in a judgment for defen-
dant. The plaintiff appeals.—*Affirmed.*

*A. A. McGarry,* for appellant.

*C. W. Woodbridge,* for appellee.

LADD, J.—The plaintiff was riding a motorcycle, in
passing south on Twenty-eighth Street, when it came in
collision with a small automobile roadster, coming from
the west on High Street, and was severely injured.

The petition charged that defendant was negligent
in two respects: (1) In not sounding warning of his ap-
proach, and, (2) in driving his car at an excessive speed;
and pleaded that plaintiff was without fault. Though the
defendant filed an answer, he did not appear at the trial.
Appellant's contention is that the court erred in directing
a verdict for defendant on the ground that there was not
enough evidence to carry the issues to the jury. It dis-
closed that neither party sounded any warning. Plaintiff
testified:

"There was a bank on the west side of Twenty-eighth

Street. It cut off my view from him. It was 6 or 8 feet tall, the bank on High. I looked west on High before I went to the intersection, and I saw nothing, and could see 40 or 50 feet on High, and could have turned my motorcycle east. I could have kept out of the way of the car if I had seen it. * * * I could not see the car when I looked. I could have turned east. Q. And avoid the collision? A. I couldn't have avoided it: if he was going to hit me, he would have hit me."

Laird, who lived in the second house east of Twenty-eighth Street on the north side of High Street, swore to having seen the vehicles immediately after the collision; that there was quite a cut on the west side of Twenty-eighth Street, near the intersection:

"More than two and one-half or three feet. It is about four feet. Q. There is not enough cut there to prevent a man riding on a motorcycle seeing over it and seeing a man coming east on High Street, is there? A. I wouldn't know hardly what to say about that. It seems to me it is quite deep."

Kreatch, who lived on the northwest corner of Twenty-eighth and High Streets testified to hearing the noise of the collision, and that the vehicles and plaintiff were about 25 or 30 feet east of the line of Twenty-eighth Street; that there is a cut about four feet deep at the corner where it is deepest; that his terrace was about three feet deep; that the rise of the hill was quite a good deal, but less as you recede to the north.

"I think, in going south on Twenty-eighth Street, you can see right across my lawn, and see an automobile coming east on High Street. I cut my lawn off practically level. At the corner, it is quite a rise, and the further back from the corner, the better you can see across."

On what part of the street the motorcycle was moving, does not appear; but plaintiff said, "The machine I was rid-

ing, after he struck it, went about 50 feet." Nor was there
any direct evidence of the speed at which
the automobile was traveling. Appellant
argues that a speed in excess of 25 miles an
hour is to be inferred from the circumstan-
ces proven.

1. NEGLIGENCE:
presumption:
speed of
automobile.

Section 1571-m19 of the Code Supplement, 1913, pro-
vides that "a rate of speed in excess of 25 miles an hour
shall be presumptive evidence of driving at a rate of
speed which is not careful and prudent in case of injury to
the person or property of another." If, then, it can be said
that the automobile was moving faster, a prima-facie case
was made out for the jury. The theory of appellant is
that the automobile could not have struck the motorcycle
with sufficient force to have carried it the distance it did,
unless struck by a car moving at a speed exceeding 25
miles an hour. There was no evidence, however, indicating
in what manner the automobile caused the motorcycle to
move sidewise about 30 feet. Did it carry the motorcycle,
or drag or push or throw it, when the vehicles collided?
The record is void of evidence bearing on these questions,
and, therefore, contains nothing from which the speed of the
automobile may be inferred. There is no basis on which to
found deductions as to the rate of speed of either vehicle;
and for this reason, the trial court did not err in finding
that the evidence did not make out a prima-facie case by
proving that the automobile was moving to exceed 25
miles an hour.

Neither gave any warning of his approach. If it was
the duty of the defendant so to do, a like duty devolved on
the plaintiff; and, if the defendant may be said to have
been negligent in not sounding a warning
of the approach of his vehicle at the inter-
section of the streets, then it was negligence
on the part of the plaintiff to have failed so to do. If,

2. NEGLIGENCE:
equal fault.

then, the defendant was guilty of negligence, the plaintiff was equally guilty of contributory negligence, and may not recover. Plaintiff undertakes to excuse himself by saying that he could not see, owing to the embankment. But the only evidence that there was sufficient embankment to obstruct the view was that of plaintiff, who said it was six or eight feet high at High Street. The evidence elsewhere that it did not exceed four feet is undisputed; and whatever it may have been, there was no showing but that it interposed the same obstruction to defendant's seeing plaintiff as it did to plaintiff's seeing defendant.

Our conclusion is that the proof merely established the occurrence of an accident, without casting the blame on either party; and that the law will not compel either party to share the consequent damages with the other. The court did not err in dismissing the petition.—*Affirmed.*

PRESTON, C. J., EVANS and SALINGER, JJ., concur.