FRANK LANG, Appellant, v. PETER KOLLASCH, Appellee.

No. 42427.

JUNE 23, 1934.

Van Ness & Stillman, and C. D. Reed, for appellant.

Sullivan, McMahon & Linnan, for appellee.

ANDERSON, J.—The controversy here presented has to do with a collision between the automobiles of the respective parties on a highway intersection about two miles north of the town of Whittemore in Kossuth county, Iowa, at about 3 o'clock in the afternoon of July 4, 1932. A county trunk road designated as "W" runs north and south, and at the point of collision is intersected by a local township road extending east and west. The county road "W" is graded and graveled; its traveled portion being about 26 feet wide. The township road is graded and has a traveled portion about 15 feet wide. There was no regulation stop or slow signs at the east and west side of the county road "W" at the intersection. Plaintiff-appellant was driving north on the county trunk road at a speed of 25 or 30 miles an hour. The defendant-appellee was driving west on the township road at approximately the same speed. The township road west from the intersection was open and plainly observ-

able. To the right or east of the intersection the township road was obscured from the view of the appellant driving north on the county road. There was brush and a grove of trees about 12 feet high extending from the southeast corner of the intersection along the south fence of the township road completely obscuring the view of a traveler on the county road proceeding north, at least until he would arrive at the corner of the intersection. Plaintiff was driving north on the county road on the extreme right or east edge of the gravel or traveled portion of the road. The defendant proceeding on the township road made a left turn into the county road, cutting very close to the southeast corner of the intersection, and, when his car came within view of the plaintiff, it was headed in a southwest direction immediately in front of the plaintiff's car and 30 or 35 feet distant. The plaintiff turned his car slightly to his left, and the collision occurred near the south line of the intersection. Both cars were damaged; the plaintiff's car turning over, both cars, however, remaining in the intersection. The defendant did not see the plaintiff's car until the collision occurred. Neither car sounded a signal or warning on approaching the intersection, and the plaintiff did not reduce his speed prior to the collision. When the collision occurred, the plaintiff's car skidded about 40 feet and turned over near the northwest corner of the intersection. The defendant's car remained standing, headed southwest about 4 feet from where the impact occurred. Plaintiff knew he was approaching the intersection and knew that his view of the intersecting road to the east was obscured. He did not slacken his speed or give any signal or warning that he was approaching the intersection. He does not testify that he had his car under control or that he was alert and watchful in attempting to see what might approach the intersection from the east. He apparently did not attempt to slacken his speed or stop his car or turn further to the right when he saw the defendant's car coming around the corner. At the close of the testimony disclosing the foregoing facts, the trial court directed a verdict for the defendant. Plaintiff appeals.

The sections of the statute involved in this occurrence are the following: Section 5031 of the 1931 Code provides:

"The person operating a motor vehicle or motorcycle shall have the same under control and shall reduce the speed to a reasonable and proper rate: * * *

"3. When approaching and traversing a crossing or intersections of public highways, or a bridge, or a sharp turn, or a curve, or a steep descent, in a public highway."

And section 5043 provides:

"An adequate signaling device shall in all cases be sounded on approaching curves, tops of hills, and the intersecting highways in the country where the operator's view is obscured."

It is conceded that both parties violated the last section, and the defendant claims that plaintiff also violated the first quoted section. As we have indicated, there were no stop or slow signs upon the east and west intersecting highways, and there is no showing in the record that the defendant was aware that the north and south road was a county highway. Had the intersecting roads been of equal classification, the defendant would have had the right of way over the plaintiff at the intersection because he was approaching plaintiff's car from plaintiff's right. Section 5035.

We have held that the failure of the operator of an automobile, in approaching an obscured intersection, to give any statutory warning signal of his approach, is an act of negligence. Carlson v. Meusberger, 200 Iowa 65, 204 N. W. 432.

There has been some confusion in our decisions as to the effect of the violation of the standard of care prescribed by statutes or ordinances in the operation of automobiles, but in the cases of Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552, 554, and Wosoba v. Kenyon, 215 Iowa 226, 243 N. W. 569, this confusion was explained and the rule announced that the failure to obey any of the provisions of the statutes or ordinances providing the manner and method of the use and operation of vehicles on the highways should be held to be negligence, and that statutes and ordinances governing the use and operation of vehicles on the public highways constitute a legislative prescription of a suitable precaution, or a fixing by law of the standard of care which is required in such use and operation, and that a failure to observe such standard of care must be held to be negligence. Under some circumstances, the defendant may offer excuse for his failure to observe such legal standard of care. If, however, he fails to furnish proof of such legal excuse, "then it is accurate to say that negligence is established as a matter of law." In the Kisling case we said: "The rules here announced are to govern in all such cases, regardless of anything said

in prior opinions." In the Wosoba case we followed the rule announced in the Kisling case and held that the violation of a statute (section 5029) constitutes negligence as distinguished from prima facie evidence thereof. We also held in the Wosoba case that the defendant would always be permitted to show that he did not in fact violate a statute, but that the record in that case furnished no basis upon which the jury could find that the appellant did not violate the statute. There was nothing even to indicate that it was impossible for the appellant to comply with the statute. See, also, Grover v. Neibauer, 216 Iowa 631, 247 N. W. 298; Arends v. DeBruyn, 217 Iowa 529, 252 N. W. 249; Liddle v. Hyde, 216 Iowa 1311, 247 N. W. 827.

In Larsh v. Strasser, 183 Iowa 1360, 168 N. W. 142, we held that, where two automobiles approach an intersection at right angles, and neither give any warning signal, both parties are equally at fault, and neither may recover damages resulting from a collision. See, also, Clark v. Weathers, 178 Iowa 97, 159 N. W. 585; Corning v. Maynard, 179 Iowa 1065, 162 N. W. 564.

In the instant case there is no question about the negligence of the defendant-appellee. He violated the statutory requirements by not sounding a signal of his approach of the intersection, by abruptly turning to the left without going to the right of and beyond the intersection, and by not reducing his speed, and having his car under control on entering the intersection. Neither is there any question as to the negligence of the plaintiff-appellant. He knew he was approaching a blind intersection; that he could not see vehicles approaching from the right; he made no effort to look to his right; he failed to reduce his speed so that he would have his car under control in the event it was necessary to bring it to a stop or change its direction; and he failed to give any warning signal of his approach. The record also is void of any showing on the part of the appellant that he made any reasonable attempt to avoid the result of his own and the defendant's negligence after a collision was imminent. The plaintiff-appellant attempts to avoid the effect of his own negligence by the statement that it is common knowledge that drivers of automobiles upon trunk roads or arterial highways drive their cars much in excess of 30 miles per hour, and that on rare occasions does the driver slow down or observe the other statutory requirements on approaching intersecting highways. The fact that the standards fixed by the legislature for the operation of ve-.

hicles upon the highways are generally violated by motorists can furnish no excuse for such violation in any particular case. Because the standard is violated by one or innumerable drivers can furnish no legal excuse for such violation by a particular driver. If the standards fixed by statutory or ordinance enactments are unreasonable and difficult to follow and observe, recourse should be had to the legislative bodies rather than to the courts. In the instant case, there is no question as to the negligence of the plaintiff-appellant in the particulars we have mentioned. There is no excuse offered for such violation. There is absolutely no showing, or attempt to show, that such violation did not cause, or contribute to cause, the accident in question and the resulting damage. We are constrained to hold that under this record there was not a question for submission to the jury, and that the court did not err in directing a verdict for the defendant-appellee. An affirmance necessarily follows.—Affirmed.

CLAUSSEN, C. J., and STEVENS, ALBERT, KINTZINGER, and MITCHELL, JJ., concur.