KINZIE WIMER, Executor, Appellee, v. M. & M. STAR BOTTLING COMPANY, Appellant.

No. 43061.

DECEMBER 17,1935.

REHEARING DENIED APRIL 8, 1936.

Miller, Miller & Miller, and Devitt, Eichhorn & Devitt, for appellant.

McCoy & McCoy, for appellee.

ANDERSON, J.—This action grows out of an automobile accident in which plaintiff's decedent was injured to such an extent that he died. The accident occurred about 9 a. m. on November 17, 1933, on what is known as the "Stewart corner" about two miles east of the town of Taintor, Mahaska county, Iowa. The intersection in question is of a road running north and south and one running east and west; the driving surface on each being approximately thirty feet wide. The east and west road makes a jog at the intersection with the north and south road; in other words, the center line of the east and west road, if extended across the intersection, would join the south line of the east and west road after it crosses the north and south road. The plaintiff was driving a Chevrolet coupe in a westerly direction on the east and west road; the defendant's employee was driving a Ford truck in a northerly direction on the north and south road. The east and west road upon which plaintiff was driving was practically level. The north and south road had a slight incline extending south from the

intersection about ninety feet. The only eyewitnesses to the accident were the driver of the defendant's truck and a man who was accompanying him. From the testimony of these two witnesses it appears that the defendant's Ford truck was being driven north on the east or right side of the north and south road at a speed of approximately twenty-five miles an hour; that the plaintiff's Chevrolet was being driven west on the east and west road at a speed of forty to forty-five miles per hour; that upon approaching the intersection the plaintiff's Chevrolet made a left turn into the north and south road without any reduction of speed; that in making the said left turn the plaintiff failed to turn the corner near the right-hand side of the road and failed to pass to the right of and beyond the center of the intersection before turning. In other words, he cut the corner and made the left turn very close to his left-hand corner of the intersection. The defendant's employee was driving the defendant's truck at this time slightly over the hill at the south end of the incline on the right or east side of the highway. As the Chevrolet made the turn as indicated, testimony shows that he was on his left side of the north and south highway and immediately facing the defendant's truck. It appears from the testimony that the driver of the defendant's truck, in this emergency, turned to his left in an effort to avoid a collision. The plaintiff's Chevrolet turned to his right, and the vehicles came into a collision at or near the center line of the north and south highway and about thirty-seven feet south of the center of the intersection. There was a scar or gouged place in the highway where the collision evidently occurred, and the vehicles came to a rest after the collision nineteen feet south of this scar or gouged place, and this gouged place was nineteen feet south of the southwest corner of the intersection, so that when the vehicles came to a stop after the collision they were practically at the south line of the east and west road. The photographs which are made a part of the record show that the right front wheel of the truck was hooked in behind the left front wheel of the Chevrolet, and the vehicles apparently remained in this situation from the time of the collision until they came to a stop at the point we have indicated. The collision resulted in the death of Perry C. Wimer, the driver of the Chevrolet coupe. There is testimony as to the tracks made by the wheels of the vehicles immediately before the collision, but these tracks simply corrob-

orate the statement of the situation. and the course of the vehicles as we have just indicated. At the close of the testimony showing the foregoing facts, the defendant moved the court for a directed verdict upon the grounds; first, that the decedent, immediately prior to the accident, placed himself in a position of danger which could have been seen and appreciated by him, and that such action constituted contributory negligence barring recovery; second, that the decedent, just prior to the collision, entered the intersection and turned to the left into the north and south highway without first seeing that there was sufficient space to make such movement in safety, and that such action constituted contributory negligence barring recovery; third, that the decedent entered the intersection in question at an excessive rate of speed and into the path of the defendant's truck, and that such action constituted contributory negligence; fourth, that the decedent failed to pass to the right and beyond the center of the north and south highway before turning to the left, and that such action was a violation of the statute and constituted contributory negligence; fifth, that the decedent did not reduce the speed of his Chevrolet and did not have the same under control and could not stop his car within the assured clear distance ahead, which constituted contributory negligence; sixth, that the decedent in changing the direction of his car from the east and west road into the north and south road cut the corner and failed to pass to the right and beyond the center of the intersection, and that the physical facts as well as the undisputed testimony shows that the collision would not have occurred but for these acts of the decedent, and that such acts constituted contributory negligence; seventh, that the evidence fails to show that the driver of the defendant's truck was guilty of any acts of negligence which were the proximate cause of the accident, and that plaintiff has failed to establish a cause of action.

The motion for a directed verdict was overruled and the cause submitted to the jury, and a verdict was returned for the plaintiff. After a motion for a new trial based upon the grounds contained in the motion for a directed verdict, and many other claimed errors, was overruled, judgment was entered on the verdict against the defendant. The defendant appeals.

Section 5028 of the Code provides: "Any person who drives any motor vehicle upon a highway carelessly and heedlessly in

willful or wanton disregard of the rights or safety of others, or without due caution and circumspection, or at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving, and upon conviction shall be punished as provided in section 5089.''

Section 5029 provides: ''Any person driving a motor vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead.''

Section 5031 provides that the operator of a motor vehicle shall have the same under control and shall reduce the speed to a reasonable and proper rate ''when approaching and traversing a crossing or intersections of public highways, or a bridge, or a sharp turn, or a curve, or a steep descent, in a public highway.''

Section 5032 provides that: ''The operator of a motor vehicle shall, before stopping, turning, or changing the course of such vehicle, first see that there is sufficient space to make such movement in safety * * *.''

Section 5033 provides: ''The operator of a motor vehicle, in turning to the right from one street or highway into another, shall turn the corner as near the right hand as practicable, and, in turning to the left from one street or highway into another, shall pass to the right of and beyond the center before turning * * *.''

Section 5034 provides that: ''The operator of a motor vehicle, in crossing from one side of the street, or highway, to the other side thereof, shall turn to the left, so as to head in the direction in which vehicles are moving.''

The defendant, appellant, contends that the decedent violated the provisions of all the above-quoted statutes, and that such violation constituted contributory negligence barring plaintiff's recovery. It was incumbent upon the plaintiff in this case to establish not only actionable negligence on the part of the defendant, but also to establish decedent's freedom from negligence contributing to the accident.

In the case of Parrack v. McGaffey, 217 Iowa 368, 371, 251

N. W. 871, 872, we had a state of facts very near parallel with the facts as disclosed by the record in the instant case. And in that case the court speaking through Mr. Justice Kintzinger said:

"The duty imposed upon the driver of an automobile under the foregoing statute [5032] and instruction requires the driver to see that there was sufficient space in which to make the turn [left] in safety. This duty not only requires a driver to see that there is sufficient space to make the turn in safety, but also requires the driver to slacken the speed of his car to allow the approaching car to pass, if there is not sufficient space within which to make the turn. The exercise of ordinary care on her [plaintiff] part, even without a statute, would require a person under similar circumstances to control his car in such a manner as to avoid an accident. * * * We have here a clear case of the violation of the statute by the plaintiff. * * * It is the settled rule of law in this state under the physical fact rule that, if the plaintiff looked when she started to turn, she must have seen the approaching car coming, and, if after so doing she failed to do anything to avoid the collision, she would be guilty of contributory negligence. If that is true under the physical fact rule, it is necessarily true where the plaintiff *does look* and *does see* the car approaching at such a rate of speed as to indicate no intention on the part of the driver of the approaching car to slacken his speed. * * * where one voluntarily places himself in a position of danger which can be seen and appreciated, he is guilty of contributory negligence, as a matter of law."

In the case of Lang v. Kollasch, 218 Iowa 391, 394, 255 N. W. 493, 495, we reaffirmed the rule announced in the McGaffey case and reviewed prior cases involving the questions now under discussion. In the Kollasch case a collision very similar to the one at bar occurred. And in that case we held the defendant was guilty of negligence by reason of a violation of the preceding quoted Code sections. We said:

"In the instant case there is no question about the negligence of the defendant-appellee. He violated the statutory requirements by not sounding a signal of his approach of the intersection, by abruptly turning to the left without going to

the right of and beyond the intersection, and by not reducing his speed, and having his car under control on entering the intersection.''

The evidence in the case at bar conclusively establishes that the decedent, in entering the intersection just prior to the accident, failed to observe the provisions of the preceding quoted statutes. And we have held that the statutes governing the use and operation of vehicles on the public highways of the state constitute a legislative prescription of a suitable precaution, or a fixing by law of the standard of care which is required in such use and operation, and that a failure to observe such standard of care must be held to be negligence. Carlson v. Meusberger, 200 Iowa 65, 204 N. W. 432; Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552; Wosoba v. Kenyon, 215 Iowa 226, 243 N. W. 569; Parrack v. McGaffey, 217 Iowa 368, 251 N. W. 871; Lang v. Kollasch, 218 Iowa 391, 255 N. W. 493.

This record presents a state of facts from which it must be concluded that the decedent drove his car, immediately prior to the accident, in a careless and heedless manner and in disregard of the rights or safety of others; that he was not driving his car at a speed that would permit him to stop within the assured clear distance ahead; that he did not have his car under control and did not reduce his speed to a reasonable and proper rate when he approached and traversed the intersection in question; that before making the turn to the left and changing his course, he did not first see that there was sufficient space to make such movement in safety; that in changing his course and turning to the left into the north and south road, he did not pass to the right of and beyond the center of the north and south road before turning. Reasonable minds cannot differ as to the construction of the record as above indicated. And it must be held that the decedent was guilty of contributory negligence as a matter of law and that such negligence contributed directly to the accident, if indeed it was not the proximate cause thereof.

We seriously doubt whether the record establishes actionable negligence upon the part of the defendant. The driver of the truck was confronted with a sudden emergency, which was not of his own making, and we doubt whether it can be said that in turning to the left to avoid an apparent impending collision

he was guilty of any negligence. However, for the purpose of this opinion only, we will assume that he was guilty of negligence; but we conclude, as we have above indicated, that the decedent was guilty of negligence which contributed directly to the accident and that such negligence bars a recovery.

Many other alleged errors are claimed by the appellant, some of them with sufficient merit to warrant a reversal. However, the foregoing discussion dictates a reversal, and we refrain from extending this opinion by considering other alleged errors. The defendant-appellant's motion for a directed verdict should have been sustained. The motion to strike appellant's argument and affirm submitted with the case is overruled.—Reversed.

KINTZINGER, C. J., and PARSONS, ALBERT, DONEGAN, HAMILTON, POWERS, and RICHARDS, JJ., concur.