R. W. MANSFIELD, Appellee, v. JAMES N. SUMMERS and J. N. SUMMERS, Appellant.

No. 43670.

DECEMBER 15, 1936.

 

Cook & Cook, Hal W. Byers, and McMartin, Herrick & Langdon, for appellant.

Whitfield & Byington, for appellee.

ALBERT, J.—The plaintiff was the owner of a Dodge truck, which was driven by his employee; and James N. Summers (one of the defendants) was the owner of a Plymouth sedan, which was driven by his son. It is undisputed that the driver of the plaintiff's truck was an employee of the plaintiff, and it is equally undisputed that the defendant J. N. Summers is the son of the other defendant, and that the sedan was being driven with the owner's consent; hence, we will use the terms "plaintiff" and "defendant" in the light of this concession.

The accident occurred on the 8th of June, 1934, in the neighborhood of 2 o'clock p. m., on highway No. 41 (which is a paved highway), about a mile and a quarter north of the town of Malvern, Iowa. At this point there is a dirt road running west from the highway. The employee of the plaintiff was driving the truck, in which was placed some linoleum which he was going to take to the home of Mrs. Follett, who lived about 80 rods west on the dirt road running from the highway. His boy and another employee of the plaintiff accompanied him in the truck. In going to the Follett home he drove north on highway No. 41. The Summers sedan, being driven by the son of the owner, contained two passengers, and was also being driven north on highway No. 41. The accident occurred on highway No. 41 at the point where the plaintiff attempted to turn left onto the dirt road.

The evidence shows that when the truck reached the intersection the plaintiff attempted to turn left onto this dirt road. The sedan, at a short distance behind the truck, turned to the

left side of the highway intending to pass the truck ahead of it. The truck had reached the intersection and was practically crosswise of highway No. 41 and still on the pavement when it was struck by the Plymouth sedan, resulting in damage to the truck which is the basis of this action.

The undisputed evidence shows that in the attempt of the plaintiff to turn to the left he did not pass to the right of and beyond the center of the intersection before so doing. This is admitted by the driver of the truck. The driver of the truck states that he was traveling 20 to 25 miles an hour until the time when he attempted to turn to the left, when his speed was reduced to approximately 10 miles an hour. The driver of the defendant's sedan says that when he turned from the right side of the highway to the left to go around the truck he was traveling at approximately 40 to 45 miles an hour.

But one question is raised in this case, and that is whether or not, under the record, the plaintiff, in attempting to turn to the left, violated the statute under such conditions as that he was guilty of contributory negligence as a matter of law.

Code section 5033 reads as follows:

"The operator of a motor vehicle, in turning to the right from one street or highway into another, shall turn the corner as near the right hand as practicable, and, in turning to the left from one street or highway into another, shall pass to the right of and beyond the center before turning, unless a different method of turning is directed by buttons, markers, or signs at intersections, in which event turns shall be made in accordance with the directions of such buttons, markers, or signs."

Under this section, the failure of the driver of the truck to pass to the right of and beyond the center of the intersection before attempting to turn to the left is a square violation of the statute, and as a matter of law it is negligence *per se*.

The last time we reviewed this question was in the case of Wimer v. M. & M. Star Bottling Co., 221 Iowa 120, 126, 264 N. W. 262, 265, where cases so holding are cited. It is not disputable that the plaintiff, by his own testimony, concedes that he was negligent in failing to observe the above provisions of the statute. The question left, then, is whether or not that negligence could be classed as contributory negligence, which, of course, would defeat recovery.

In the case above cited we had practically this identical question. While the cars involved in the bottling company case were not traveling in the same direction, the fact situation in so far as this question is concerned was identical. The question, therefore, is whether or not the plaintiff was guilty of contributory negligence as a matter of law. In summarizing the situation in the bottling company case, we said:

"The record presents a state of facts from which it must be concluded that the decedent drove his car, immediately prior to the accident, in a careless and heedless manner and in disregard of the rights or safety of others; * * * that in changing his course and turning to the left into the north and south road, he did not pass to the right of and beyond the center of the north and south road before turning. Reasonable minds cannot differ as to the construction of the record as above indicated. And it must be held that the decedent was guilty of contributory negligence as a matter of law and that such negligence contributed directly to the accident, if indeed it was not the proximate cause thereof."

A violation of the aforesaid section of the statute has in numerous cases been held, in the absence of circumstances excusing it, to be contributory negligence as a matter of law. Such conclusion is approved, in addition to the aforesaid bottling company case, in Lang v. Kollasch, 218 Iowa 391, 255 N. W. 493; Lein v. John Morrell & Co., 207 Iowa 1271, 224 N. W. 576; and Masonholder v. O'Toole, 203 Iowa 884, 888, 210 N. W. 778, 779. In the latter case, where the plaintiff failed to sound an alarm, failed to give the right of way, and failed to look to the right, we said:

"We are quite satisfied that the minds of reasonable persons would not differ on the question as to whether or not the negligence of plaintiff shown herein contributed to his injury. Our cases are uniform in holding that, where reasonable minds would not disagree, and the evidence shows that the negligence on the part of plaintiff was a contributing cause to the injury complained of, then it is the duty of the court to act, and so hold, and to direct a verdict against the plaintiff."

We think this is the situation in the case we have under consideration. As we read the record, the plaintiff admits that

he was guilty of negligence, and that this contributed to the accident is a conclusion upon which no reasonable minds could disagree. This being the conclusion we reach in the matter, it necessarily follows that the defendant was entitled to a directed verdict under the record made. .

The plaintiff relies on Wilson v. Long, 221 Iowa 668, 266 N. W. 482. This case has no application here because the question of contributory negligence was not raised in that case.—Reversed.

PARSONS, C. J. and KINTZINGER, STIGER, and DONEGAN, JJ., concur.

MITCHELL, HAMILTON, and RICHARDS, JJ., dissent.

MITCHELL, J. (dissenting)—I am unable to agree with the majority in their opinion in the above-entitled case, and therefore respectfully dissent.

As I read this record, there is evidence that the driver of the truck looked into the rear-vision mirror when 30 feet from the point of the accident; that he saw a car coming about 300 to 350 feet back of him, which car was on the east side of the road; that he then extended his left hand, indicating his intention to make a left turn, and traveled a distance of possibly 15 feet while his hand was thus extended; that he traveled about 15 feet further, making a complete left-hand turn, and was headed due west, the rear wheels being about 4 feet west of the west center black line on the pavement about the time that defendants' car struck the truck on the left rear wheel. There is evidence that there were skidmarks on the pavement, made by the defendants' car, for about 100 feet, indicating that the defendants' car was a considerable distance in the rear of the truck when the driver of defendants' car became aware that the truck was making a left turn. There was a shoulder to the east of the pavement for 10 feet, which, with at least 9 feet of pavement, should have been sufficient space for the driver of the car to turn to the right in an endeavor to avoid the collision. There is of course evidence to the contrary. In other words, there is a conflict in the evidence.

In view of such a record it seems to me that the question was for the jury to determine. As I understand the rules laid down by this court, violation of section 5033 of the Code is negli-

gence per se when and only when such violation was the proximate cause of the injury, and whether it was the proximate cause of the injury is, except in those cases where the facts are clear and undisputed, a question for the jury.

In the recent case of Enfield v. Butler, 221 Iowa 615, 624, 264 N. W. 546, 551, we said:

"The general rule as laid down by our decisions is that, 'except in cases where the facts are clear and undisputed, and the cause and effect so apparent to every candid mind that but one conclusion may fairly be drawn, the question of contributory negligence is for the jury.' "

In the case at bar, was the negligence of the plaintiff's driver in not coming to and beyond the center of the intersection the proximate cause of the accident? Upon that question there is a conflict in the evidence, and, where there is a conflict, the jury should be the one to decide.

I would affirm the case.

HAMILTON and RICHARDS, JJ., join in this dissent.