Max Smithson, Appellee, v. John F. Mommsen, Appellant.

No. 44104.

NOVEMBER 16, 1937.

M. L. Sutton, Stipp, Perry, Bannister & Starzinger, Carroll Johnson, and Donald D. Holdoegel, for appellee.

Miller & Claussen and Putnam, Putnam, Fillmore & Putnam, for appellant.

ANDERSON, J.—A few miles south of the town of Miles in Clinton County, Iowa, is an intersection of two county trunk roads, one running east and west and the other north and south, thus intersect at right angles. As the north and south road approaches the intersection from the north, and some distance north from the intersection, there are two branches or "Y's" making long sweeping curves to the east and west and intersecting the east and west road approximately two hundred feet

from the right-angle intersection mentioned, being designed to accommodate only such traffic on the north and south road as might be turning east or west on to the east and west highway or from the east and west highway turning north to reach the north and south road. Both of these spurs or "Y's", as well as the north and south and east and west roads were graded, much traveled, and were in good condition at the time of the accident. There were no stop signs at the right-angle intersection of the north and south and east and west roads. There were, however, stop signs erected where the east and west forks or "Y's" entered the east and west highway. The record discloses that these signs were erected by WPA workers under the direction of the county engineer without the direction or approval of the board of supervisors of Clinton County, and that no official action of the board of supervisors was ever taken with reference to the location of these signs or the designation as to which one of these two county roads should be preferred as to right of way over the other, under the provisions of sections 5079-d1 and d2, which sections are as follows:

Sec. 5079-d1. "County trunk roads outside of cities and towns are hereby designated as arterial highways."

Sec. 5079-d2. "The traffic on such arterial highways shall have the right of way over the traffic on any local county road intersecting therewith. At the intersection of said arterial highways, the county board of supervisors shall determine by the erection of signs, which traffic shall have the right of way."

The two intersecting highways here involved were county trunk roads designated, by the above quoted section, as "arterial highways".

About 2:30 in the afternoon of June 19, 1936, one Otto Bruhn was driving his truck south on the north and south trunk road approaching the right-angle intersection heretofore referred to. The plaintiff, appellee, Smithson, was riding on the top of a load of rock in the box of the truck behind the cab. At the same time a Chevrolet coach owned by the defendant, appellant, Mommsen, and driven by his nineteen year old daughter, approached the same intersection from the east traveling in a westerly direction on the east and west road and coming from the left of the Bruhn truck. Both vehicles were traveling about twenty-five miles per hour and there was no obstruction

to the view of the driver of either vehicle for a distance of several hundred feet from the intersection. The testimony shows that Bruhn sounded the horn of his truck as he approached the intersection, once about three hundred feet and again one hundred feet before he reached the intersection. The driver of defendant's car heard the horn of the truck and each driver saw the other vehicle about an equal distance from the intersection. Both vehicles continued to approach the intersection at about twenty-five miles per hour. The driver of the truck testified that he applied his brakes ten or fifteen feet from the point of collision and the driver of the defendant's car stated, immediately after the accident, her brakes did not hold and her car seemed to go faster when she endeavored to apply the brakes. The collision occurred in the center of the intersection. The front end of both vehicles coming in contact. The plaintiff was thrown, from his seat on the rock in the back end of the truck, about fifteen feet into a ditch and received serious injuries, among which was a fractured vertebra.

It appears that both Mommsen, appellant, and Bruhn, the owner and driver of the truck, were made defendants in this action, but that separate trials were ordered and this case proceeded only against the defendant, Mommsen, and resulted in a verdict and judgment against him, from which he appeals.

The first two errors assigned and relied upon by the appellant involve the correctness of the court's instructions and especially instructions Nos. 8, 9, 10, 12, and 18. We will quote the instructions complained of.

Instruction No. 8. "By contributory negligence is meant an act or omission to act amounting to a want of ordinary care, or a failure to conform to the law on the part of a person seeking to recover damages for an injury, which occurring and cooperating with such an act or omission to act or failure to conform to the law on the part of the one from whom damages are prayed, became or constituted, in any way, manner, or degree, a cause of the former's injury."

Instruction No. 9. "It may be said that it appears without dispute in the evidence that a collision occurred as charged between a truck in which plaintiff was riding and an automobile owned by the defendant, John F. Mommsen, and being driven at the time by Jeanette Mommsen, and in the absence of evi-

dence to the contrary it is presumed that it was being driven with his knowledge and consent. You are instructed that, under our law, the owner of a motor car, such as an automobile, is liable for the negligence of one who is driving the same with his knowledge and consent.

"It further appears, practically without dispute, that by reason of such collision plaintiff sustained injury or injuries, but this is not enough to warrant you in returning a verdict for the plaintiff. He must go further and show not only that the negligence of the driver of the Mommsen car, in one or more respects substantially as charged, was the proximate cause of the aforesaid collision, but that he himself was free from contributory negligence in the matter, as before stated. He must also show the nature and extent of his injury or injuries."

Instruction No. 10. "Negligence is the proximate cause of injury when it is the direct cause, the efficient cause, the one without which or in the absence of which the injuries to plaintiff would not have been sustained."

Instruction No. 12. "It should be understood from what has been said that if the proximate cause of plaintiff's injuries was the negligence of Bruhn rather than the negligence of the driver of defendant's car the plaintiff cannot recover from the latter. On the other hand, even if Bruhn is shown to have been guilty of negligence, plaintiff may still recover from the defendant if it appears that nevertheless if it had not been for negligence upon the part of the driver of defendant's car also, substantially as charged, the plaintiff's injuries would not have been sustained; and that no negligence on the part of plaintiff in any way, manner, or degree contributed to cause the same."

Instruction No. 18. "You have been told that the plaintiff in order to be allowed to recover damages must show, among other things, that he was free from contributory negligence in the matter, and an explanation has been made of what is meant by contributory negligence.

"The law requires from every one in all situations the care for his or her own safety which a reasonably prudent person would exercise under the circumstances. No hard and fast rule can be laid down for the conduct of a person riding in the automobile of another, nor can it be said that he must maintain a certain watchfulness and warn or protest to the driver at every apparent or possible danger. It is for you to carefully consider

the conduct and procedure of the plaintiff in the matter and determine whether or not he did anything an ordinarily prudent person would not have done or omitted to do something an ordinarily prudent person would have done which in any manner or degree was a cause of the collision under consideration, and the resulting injuries, if any, suffered by him.''

 It is contended by appellant that instruction No. 8, above quoted, was erroneous, and especially so when considered in connection with the other instructions above quoted, and the. particular part of the instruction to which objection is made is the closing phrase thereof which says, ''became or constituted, in any way, manner, or degree, a *cause* of the former's injury.'' The complaint seems to be that the court should have inserted prior to the word cause, above quoted, the words *"contributing or cooperating"*, and that the language of the instruction when given in combination with instructions Nos. 9, 12, and 18, was an incorrect statement of the law and served to confuse and mislead the jury. And the defendant attempts to read into Instruction No. 8 the word ''proximate'', and that the instruction in conjunction with the others complained of told the jury in effect ''that contributory negligence is such negligence as is a proximate cause of a collision and without which the collision would not have occurred.'' We cannot follow the appellant. in his argument in this regard. It seems that the complaint against these instructions is highly hypercritical. It might be better practice in using the language of the latter part of Instruction No. 8 to precede the word ''cause'' with the words ''contributing or cooperating'', but we do not think it necessary or that error can be based upon the omission of the qualifying words. Especially is this true when the court told the jury in the same instruction, in effect, that contributory negligence is negligence on the part of the plaintiff ''occurring and cooperating'' with the negligence of the defendant ''became or constituted, in any way, manner, or degree, a cause of the former's (plaintiff's) injury.''

We have repeatedly approved instructions defining contributory negligence involving practically the same language as appears in the complained of Instruction No. 8. O'Hara v. Chaplin, 211 Iowa 404, 233 N. W. 516; Hogan v. Nesbit, 216 Iowa 75, 246 N. W. 270; Hellberg v. Lund, 217 Iowa 1, 250 N. W. 192, and many other cases which we might cite.

It will be noticed that in instruction No. 8 the court plainly tells the jury that contributory negligence is a "want of ordinary care, or a failure to conform to the law on the part of a person seeking to recover damages for an injury, which occurring and cooperating" with the negligence of the defendant "constituted, in any way, manner, or degree, a cause" of the plaintiff's injury, and this especially in connection with Instruction No. 12 where the court instructed the jury that the plaintiff must prove "that no negligence on the part of plaintiff in any way, manner, or degree, contributed to cause the same."

The instructions involved in the cases cited by appellant as sustaining his objections to instruction No. 8 are not at all like the instruction here complained of. In Meggers v. Kinley, 221 Iowa 383, 265 N. W. 614, the court defined contributory negligence as "a proximate cause" of the plaintiff's injuries, and this was held clearly to be erroneous.

In Hamilton v. Boyd, 218 Iowa 885, 256 N. W. 290, the court defined contributory negligence as negligence which "contributes proximately" to the plaintiff's injury. This was also held erroneous.

The phraseology contained in a contributory negligence instruction in the case of Ryan v. Rendering Works, 215 Iowa 363, 245 N. W. 301, is not at all similar to any language used in Instruction No. 8 in the case at bar.

We conclude that there was no error in the giving of the court's instruction No. 8.

■■■ The appellant next contends that the court erred in giving instruction No. 4, in that he did not instruct or properly submit the especially pleaded defenses on the issue of sole proximate cause tendered by the defendant.

In instruction No. 3, the court told the jury that the plaintiff contended that the proximate cause of the accident and · resulting injuries was the negligence of the driver of the defendant's automobile in the following particulars: (1) In failing to give the right of way to the Bruhn truck. (2) In driving at an excessive rate of speed in approaching the intersection where the collision occurred. (3) In failing to use due care to stop before the collision occurred. (4) In failing to have her car under control in approaching the intersection, and (5) 'In not being able to bring her car to a stop within the

assured clear distance ahead; and these were the specifications of negligence submitted to the jury.

In instruction No. 4 the court told the jury that the defendant, Mommsen, denied the allegations of negligence and in turn that the defendant claimed that the "independent, proximate cause of the collision * * * was the negligence of Otto Bruhn, the driver of the truck." Then the court specified the particular grounds of negligence alleged by the defendant as against Bruhn, the driver of the truck.

Then in instruction No. 5 the court told the jury that in order for plaintiff to recover he must prove, by a preponderance of the evidence, (1) that he sustained an injury by reason of the collision, (2) that the "proximate cause of such collision" was the negligence of the driver of the Mommsen car, in one or more of the respects charged as negligence, (3) that plaintiff was free from contributory negligence, and (4) the extent of his injury and damage.

We are of the opinion that the instructions as a whole properly and sufficiently submitted to the jury the issue as to whether the negligence of the driver of defendant's car was a proximate cause of the collision, and also the issue as to whether the negligence of Bruhn, the driver of the truck, was the sole proximate cause of the accident and resulting damage. It is doubtful whether there was sufficient evidence on the part of the defendant to require the submission of the special defenses pleaded by the defendant, but it is apparent that such defenses were submitted, and that the jury determined them adversely to the contention of the defendant.

**III** The appellant's third ground of error is that the court erred in overruling the defendant's motion for a directed verdict, the substance of which was the plaintiff's failure to show any negligent acts of the driver of the Mommsen car which were a proximate cause of the accident. This assignment raises directly the question as to which of the drivers of the vehicles in collision had the right of way across or over the intersection. As we have heretofore noted the statute designates the roads here in question as arterial highways, and further provides that the board of supervisors shall determine and designate which traffic shall have the right of way at intersections such as is here involved and it shall indicate such determination by the

erection of signs at such intersection which shall designate as to which traffic shall have the right of way.

Code section 5035 provides that where two vehicles are approaching on any public highway so that their paths will intersect and there is danger of a collision ''the vehicle approaching the other from the right shall have the right of way * * * .''

There is no question but what the intersecting highways here involved were of equal classification and that the board of supervisors had taken no action to determine which traffic should have the right of way over and across the intersection, and that no signs had been erected immediately at the intersection. The two signs that were erected on the spurs or ''Y's'' on either side of the intersection would not in any way serve to warn or advise drivers of vehicles on either of the intersecting roads as to the right of way of traffic over either of them, and, too, such signs had not been erected by the authority of or following any action by the board of supervisors of Clinton county, Iowa. It must therefore be concluded that section 5035 of the Code must govern the right of way of traffic at the intersection involved, and that the driver of the truck, Bruhn, had the right of way over and across the intersection as against the driver of the defendant's car approaching him from the left. Lang v. Kollasch, 218 Iowa 391, 255 N. W. 493; Rogers v. Jefferson, 223 Iowa 718, 272 N. W. 532, 277 N. W. 570. It follows that the driver of the defendant's car was guilty of negligence in one or more of the particulars charged against her.

The case upon which the appellant relies in this regard is Arends v. DeBruyn, 217 Iowa 529, 252 N. W. 249, but the opinion in that case merely states that ''the appellate court will, in the absence of proof to the contrary, assume that the board of supervisors has performed its mandatory duty to erect * * * proper signs on local county roads where they intersect with county trunk roads.'' Such rule, however, does not help the appellant any in the instant case because the proof is positive and uncontradicted that the board of supervisors in the instant case did not perform its duty and that no signs whatever were erected at the intersection where the accident occurred, and no action of any kind was taken by the board of supervisors determining which traffic should have the right of way at said intersection as is provided by section 5079-d2 of the Code.

The appellant contends that in as much as no official action

was taken by the board of supervisors or signs erected at the intersection involved that in such event there is no right of way rule applicable, and that all vehicles approaching the intersection on either road must merely be operated with due care. This is absolutely contrary to the provisions of section 5035 of the Code and contrary to a prior ruling of this court.

In Lang v. Kollasch, supra, involving the right of way at an intersection of roads of equal classification we said, "Had the intersecting roads been of equal classification, the defendant would have had the right of way over the plaintiff at the intersection *because he was approaching plaintiff's car from plaintiff's right.* Section 5035." (Italics supplied.)

■■■ Appellant further complains and assigns as error the submission to the jury by the court of plaintiff's claim for permanent injuries, and appellant claims "there was no competent evidence in support of such issue." The answer to this contention is that the court did not submit any claim for permanent injuries. What the court did do was to submit a claim for future pain and suffering. The record amply sustains the submission of this issue, and we are of the opinion that the record would also sustain the submission of plaintiff's claim for permanent injury. The record shows that plaintiff received a fracture of a vertebra, or a fractured spine; that a heavy plaster cast was applied extending from his neck to his hips and that, after seventeen days confinement in a hospital, he continued to wear the cast for five months; that there was a shrinkage of the fractured vertebra of twenty-five per cent; that the plaintiff suffered great pain and was still suffering such pain at the time of the trial, and the expert testimony indicates that he will be liable to suffer such pain in the future. He cannot perform any labor in which it is necessary for him to stoop or bend his back. The doctor's testimony indicates that a continued shrinkage of the fractured vertebra was likely to occur. We conclude there was no error in submitting to the jury the question of past, present, and future pain and suffering. The verdict was for $4,000, not at all an excessive allowance under the record.

■■■ We have examined and considered the instructions requested by the defendant and conclude that so far as proper and correct statements of the law, they were given in substance by the court, and that no error occurred in this respect.

We are satisfied with the trial court's conduct of the trial,

his making of the record, and the submission of the instructions to the jury; that a fair trial was had; and that no error appears in the record. The judgment and rulings of the trial court must be and are affirmed.—Affirmed.

HAMILTON, C. J., and MITCHELL, KINTZINGER, DONEGAN, PARSONS, STIGER, SAGER, and RICHARDS, JJ., concur.