**Wanda JAMES and Lyle James, Appellees,**

v.

**Norman L. ROSEN, Appellant.**

**No. 55122.**

Supreme Court of Iowa.

Dec. 20, 1972.

Hugh V. Faulkner, Oskaloosa, for appellant.

Warren A. Reiter, Knoxville, for appellees.

Submitted to MOORE, C. J., and Le-GRAND, UHLENHOPP, REYNOLD-SON and McCORMICK, JJ.

REYNOLDSON, Justice.

Defendant appeals from judgment for plaintiffs in a court-tried law action for personal injuries and property damage sustained in an auto collision. We affirm.

Plaintiffs were husband and wife, the owner and driver, respectively, of one vehicle in the two-car collision. Hereafter, our reference to a singular plaintiff will indicate the plaintiff driver.

This collision occurred on March 28, 1969, approximately one half mile west of Knoxville, Iowa at the intersection of a graveled secondary road with paved highway 92. Plaintiff, proceeding west on the highway, was in the process of a left turn at this wide intersection when her auto was "rear-ended" by defendant's car. Defendant was also proceeding west and attempting to pass.

Plaintiffs alleged defendant was guilty of negligence in the matter of lookout, control, speed, and following too closely. Defendant answered that plaintiff was contributorially negligent, based on lookout, control, failing to signal her intention to turn, and turning her vehicle from a direct course on the highway when such movement could not be made with reasonable safety.

In carefully formulated findings at conclusion of evidence, trial court determined defendant failed to keep a proper lookout and failed to have his vehicle under control and that such negligence was the proximate cause of the collision. The court further found plaintiff was not guilty of any negligence constituting a proximate cause of the accident.

No citation of authority is required for the proposition that generally questions of negligence, contributory negligence and proximate cause are for the fact-finder; only in exceptional instances may such issues be decided as matters of law. Rule 344(f)(10), Rules of Civil Procedure. Findings of fact in a law action are binding upon this court if supported by substantial evidence. Rule 344(f)(1), R.C.P.

The several errors relied on for reversal, assigned by defendant, are set out in the following divisions:

I. Defendant contends plaintiff was negligent (apparently as a matter of law) because she did not give way to the right after defendant honked his horn. See § 321.299, The Code.

■ The statutory obligation to give way to the right does not apply where overtaking and passing on the right is permitted. Section 321.302, The Code, provides a driver of a vehicle may overtake and pass upon the right of another vehicle which is making or about to make a left turn. We need not determine the applicability of that law, however, for a more basic flaw pervades defendant's rationale.

■ Defendant never pleaded plaintiff's contributory negligence which he now relies on. An answer "must state any additional facts deemed to show a defense." Rule 72, R.C.P. See also rules 103, 104, R.C.P.

No mention of this ground of negligence was made in defendant's motion for directed verdict at close of plaintiff's evidence. Nor did defendant at any time move to amend his answer to include this specification of negligence. See rule 88, R.C.P. Plaintiff's failure to deny she heard the horn may well indicate she did not litigate this unpleaded issue by consent. See Mooney v. Nagel, 251 Iowa 1052, 1058–1059, 103 N.W.2d 76, 80 (1960), in which "[b]oth plaintiff and defendant had offered evidence on the issue." As generally bearing on this area of law, see rule 249, R.C.P. and Trask v. Gibbs, 200 N.W.2d 565 (Iowa 1972).

Trial court's failure to find plaintiff guilty of contributory negligence which was never an issue in the case was not error.

■ II. Defendant next asserts plaintiff was negligent as a matter of law for not making her left turn in the manner specified by § 321.311, The Code.

Citing Mansfield v. Summers, 222 Iowa 837, 270 N.W. 417 (1936), defendant argues plaintiff should have passed to the right of and beyond the center of the intersection before commencing her turn. He claims she was making a very gradual and illegal turn and that the collision occurred about 100 feet from the intersection on the south side of the paved highway.

Plaintiff testified she gave an appropriate turn signal and did not depart the west-bound (north) lane until she had reached the gravel road, then started a gradual left turn to the south. She placed the point of impact on the south side of highway 92, about in the center of an imaginary line down the middle of the gravel road. At that time, her car had started off the highway. Damage to defendant's car was to the left front; damage to the vehicle driven by plaintiff was to the left rear end.

The investigating patrolman placed the point of impact in the southeast quadrant of the intersection. He filed a control violation against defendant, who pled guilty to the charge. The patrolman also testified defendant admitted going 60 miles per hour in this 50 mile-per-hour zone.

Defendant fails to note the rule in *Mansfield* was then embodied in § 5033, The Code (1931), which statute was quoted in that decision. In 1937 (47 General Assembly, Chapter 134, Section 340) the legislature repealed § 5033 and enacted what is now substantially § 321.311, The Code. It provides in relevant part:

"Approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and after entering the intersection the left turn shall be made so as to depart from the intersection to the right of the center line of the roadway being entered."

This change in statutory law was explored and the new law applied as early as Pierce v. Dencker, 229 Iowa 479, 294 N.W. 781 (1940).

Defendant argues repealed law. His version of the place of impact, which would place plaintiff's vehicle in a faulty turn position, conflicts with the testimony of plaintiff and the patrolman. The resulting fact issue, upon which defendant had the burden of proof, was resolved against him by trial court. We find no error.

■ III. Defendant further assigns error because trial court did not find plaintiff negligent as a matter of law in failing to keep a proper lookout.

Plaintiff testified she did not observe defendant's vehicle although she looked in the rear view mirror twice, once as she was on the crest of the hill some 450 feet from the intersection, and again just before she turned.

The mere fact plaintiff did not see defendant's car would not establish as a matter of law that she failed to maintain a proper lookout. See Guinn v. Millard Truck Lines, Inc., 257 Iowa 671, 134 N.W. 2d 549 (1965). Defendant, who had the burden on this issue, failed to show plaintiff's negligence in this regard, if any, was a proximate cause of the accident.

Had plaintiff seen defendant's vehicle she nonetheless might have concluded in the exercise of due care that she could complete her turn. A motorist upon a public highway has a right to assume that others using the road will obey the rules of the road at least until he knows, or in the exercise of due care should have known otherwise. Rule 344(f)(9), R.C.P.

If plaintiff had observed defendant's auto, she might well have assumed his rate of approach was not over 50 miles per hour, the legal limit, rather than the 60 miles per hour the patrolman testified defendant had admitted. Still more pertinent, plaintiff might have assumed defendant would not violate § 321.304(2), The Code, by attempting to pass by driving to the left side of the roadway within 100 feet of an intersection. Defendant's intent to pass at that point is conceded. We may consider this circumstance in passing on the issue defendant raises here even though it was inexplicably omitted as a specification of defendant's negligence in plaintiffs' petition.

We can neither find, as a matter of law, plaintiff guilty of failing to maintain a proper lookout nor that her alleged negligence in this respect was a proximate cause of the collision.

 IV. Defendant argues trial court erred in fixing damages in an excessive amount. He cites no legal authorities to support this assignment of error. We could therefore determine this assignment waived. Olson v. Olson, 180 N.W.2d 427 (Iowa 1970); Alpen v. Chapman, 179 N.W.2d 585 (Iowa 1970). However, as a matter of grace we have studied defendant's position and find it without merit.

The award for plaintiff's pain, suffering and disability was fixed at only $2500. Although her medical expense was small ($65), she was unable to perform her outside chores as a farm wife or her house work for several weeks. At time of trial, over two years following the injury, she was still unable to perform heavy tasks without discomfort and subsequent self-administered treatments with a heating pad and aspirin.

Trial court's judgment on damages was well within the range permitted by the evidence and our rules for review of damage awards. See Schmitt v. Jenkins Truck Lines, Inc., 170 N.W.2d 632, 659 (Iowa 1969).

In our consideration of this case we did not have the assistance of an appellees' brief. We are not informed of any reason why counsel for appellees failed to file a brief. This may have been advanced had he been permitted oral argument, which was denied due to this failure and appellant's waiver of oral argument. While rule 343, R.C.P., provides appellee *shall* serve and file his brief, we must nonetheless continue to consider appeals on the issues raised in appellants' briefs. See Richardson v. Probst, 103 Iowa 241, 72 N.W. 521 (1897); Russell v. Torbet, 81 Iowa 754, 46 N.W. 1095 (1890). Attention is directed, however, to those provisions relating to the care and attention a lawyer should give his client's interests, contained in the Iowa Code of Professional Responsibility for Lawyers, Canon 6, Canon 7, Ethical Considerations EC 6–4 and EC 7–19, and Disciplinary Rule DR 6–101.

We find no error in the judgment below, and it is accordingly affirmed.

Affirmed.